## KELLEY *v.* LOVE, Executor.

PLEADING.—*Complaint by Executor.*—A complaint by an executor need not allege the death of the testator, or show an appointment of executor. It is sufficient if it appear from the statements of the complaint that the plaintiff sues in his representative capacity.

SAME.—*Capacity of Executor to Sue.*—The question of the capacity of an executor to sue can only be raised by a sworn answer.

ASSIGNMENT OF JUDGMENT.—To pass the legal title to a judgment, the assignment must be made in the manner pointed out by statute.

SAME.—*Equitable Title.*—An assignment not on the record of the judgment will pass the equitable title to a judgment and enable the assignee to sue thereon.

PRACTICE.—*Defect of Parties.*—A demurrer upon the ground of defect of parties must specifically point out the defect and designate the proper parties.

APPEAL from the Greene Common Pleas.

DOWNEY, C. J.—The appellee, as executor of the will of Oliver H. Smith, deceased, sued the appellant on a judgment rendered in the Greene Circuit Court in favor of the Evansville, Indianapolis, and Cleveland Straight Line Railroad Company, against the appellant, and which it is alleged had been assigned by the plaintiff therein to the deceased. A copy of the judgment and also of the assignment are made part of the complaint and filed therewith. In the title of the case, the plaintiff styles himself as "executor of Oliver H. Smith's estate," and in the body of the complaint as "executor of the last will of Oliver H. Smith." It is not anywhere alleged in the compliant that Oliver H. Smith is dead, or that the plaintiff had been appointed executor of his will. The assignment of the judgment filed with the

complaint is as follows: "For value received I assign this judgment to O. H. Smith, Nov. 5th, 1858.

Attest,        Ev., Ind. & Cleveland S. L. R. R. Co.
J. M. HUMPHREY, Clerk.                    per W. MACK."

A demurrer to the complaint was filed, on the ground that, first, it did not state facts sufficient to constitute a cause of action; second, that the plaintiff had not legal capacity to sue; third, that there was a defect of parties plaintiffs. This demurrer was overruled, and the point reserved by exception. The defendant failing to answer over, final judgment was rendered against him.

The only error assigned here is the overruling the demurrer. The first point made is, that the complaint does not allege the death of Smith, and that Love had been appointed the executor of his will. We think these facts sufficiently appear. It is true that they might have been, and perhaps, generally are, alleged in a more direct manner than in this case. Profert of the letters testamentary need not be made, nor can the right of the executor to sue be questioned, unless by a sworn answer. 2 G. & H. 527, sec. 152.

The second point urged is, that the assignment of the judgment, a copy of which is filed with the complaint, is not sufficient, because it is not shown to have been made by an authorized person, nor is it shown to have been made on the record of the judgment, as required by 2 G. & H. 366. It is alleged in the body of the complaint that the judgment was assigned by the plaintiff therein to Smith. This is equivalent to an allegation that the assignment was made by a duly authorized agent.

To pass the legal ownership of the judgment, it is necessary to conform to the statute in making the assignment, but not to pass the equitable title. Burson v. Blair, 12 Ind. 371. The assignment in this case, if not on the record of the judgment, was still sufficient to make the plaintiff's testator the equitable owner of the judgment, and therefore the real party in interest, and the executor of his will could sue on it in his own name. It is probable that the railroad company

should have been made a defendant in the case; but if so, the demurrer does not raise that question. It simply alleges a defect of parties plaintiffs, and does not point out who the omitted party is, and was therefore insufficient to raise the question discussed.

The judgment is affirmed, with five per cent. damages and costs.

BUSKIRK, J., having been of counsel, was absent.

S. H. Buskirk, J. R. Isenhower, and —— —— Baker for appellant.

