## SHIRTS v. IRONS.

SET-OFF.—*Of one Judgment against Another.—Tender.—Judgment.—Lien upon for Attorney's fees.*—Where A. held a judgment against B. for a certain sum, and B. held a judgment against A., upon which latter judgment the attorney who procured it had entered of record his lien for such services, and B.'s judgment exceeded the aggregate amount of such lien and of A.'s judgment, in an action by A. against B.,

*Held,* that A. was entitled to have his judgment set off, *pro tanto,* against B.'s judgment, without having tendered to B. the excess in amount of the greater judgment over the less, and without regard to the justness of the amount of the lien for attorney's fees.

JUDGMENT.—*Assignment of.—Action.—Right of.*—An assignment of a judgment, which vests in the assignee thereof the equitable, though not the legal title thereto, gives such assignee a right of action thereon.

SAME.—*Action on.—Parties.—Defect of.—Waiver.*—In a suit upon a judgment against the judgment-defendant, by a person who owns and holds such judgment by an *equitable* assignment thereof to him by the judgment-plaintiff, if such defendant fails to object that such judgment-plaintiff is not, but ought to be, a party to such suit, such objection is thereby waived.

From the Tipton Circuit Court.

*A. F. Shirts,* for appellant.

*J. Green* and *D. Waugh,* for appellee.

WORDEN, C. J.—This was a complaint by Shirts against Irons, to set off certain judgments which Shirts held against Irons, against a judgment which Irons held against Shirts, and to enter satisfaction upon the latter judgment.

Issue, trial by jury, verdict and judgment for the defendant.

At the February term, 1873, of the court of common pleas of Tipton county, Irons recovered in that court a

judgment against Shirts for the sum of seventeen hundred and fifty dollars, and costs of suit. This is the judgment, as we suppose, that was affirmed by this court, and reported in 47 Ind. 445, *Shirts* v. *Irons*.

In January, 1875, Shirts, then holding several small judgments against Irons, caused a tender to be made to him of the sum of thirteen hundred and forty-seven dollars, in satisfaction of the judgment which Irons held against him, after deducting the small judgments which he held against Irons.

The tender was refused. There is some disagreement between the parties as to whether this tender was sufficient in amount, but, from the view which we take of the case, it will be unnecessary to pass upon this question.

Whether the tender was sufficient in amount, or not, or if no tender had been made at all, the appellant would have the right to set off his judgments against that which Irons held against him.

The complaint, to be sure, seeks, in addition to the set-off, an entire satisfaction of the judgment, on the ground of the tender of the supposed residue. But if the appellant failed in establishing his whole case, that was no reason why he should have been deprived of his legal rights in respect to the branch of the case which he made out.

We see no objection to the judgments which the appellant offered to set-off. One of them was recovered in the Putnam Circuit Court by James O'Brien against Irons, and assigned in writing by O'Brien to the appellant.

It is objected that the assignment does not appear to have been made in accordance with the statute, so as to vest the legal title in the appellant. The assignment, if it did not vest the legal title in the appellant, vested in him an equitable right that would enable him to sue upon it in his own name, and of course to set it off. *Burson* v. *Blair*, 12 Ind. 371; *Kelley* v. *Love*, 35 Ind. 106. If O'Brien should have been made a party, to answer to his interest,

objection on that ground was waived because none was made.

It may be observed that the same question was made in respect to liens taken by attorneys upon the judgment of Irons against the appellant, and that perhaps it will be necessary to make those attorneys parties, in order to a full settlement of the controversy.

But after setting off the appellant's judgments, the residue of the judgment will be much more than the liens claimed, so that the set-off ought to be allowed, whether the amount of the liens claimed be just or otherwise.

Without enquiring whether the appellant made out a case entitling him to have satisfaction upon the judgment or not, we think it clear, on the evidence, that he was entitled to a set-off, and hence the judgment below must be reversed.

The judgment below is reversed, with costs, and the cause remanded for a new trial.