## SNELL v. MADDUX ET AL.

[No. 2,379. Filed March 15, 1898. Rehearing denied May 13, 1898.]

JUDGMENT.—*Assignment.*—In order to pass the legal ownership of a judgment the assignment must be made as provided by statute, but an equitable ownership may be obtained without compliance with the statute giving the assignee a right to sue on the judgment. *p. 170.*

PRACTICE.—*Admission of Evidence.*—*Harmless Error.*—Error cannot be predicated upon the admission of improper evidence where the improper statements made by the witness were proved by undisputed certified records. *p. 172, 173.*

From the Delaware Circuit Court. *Affirmed.*

*C. B. Templer,* for appellant.

*James N. Templer & Son,* for appellees.

ROBINSON, C. J.—It appears from the complaint that on the 2nd day of August, 1883, Lewis Maddux,

Thomas Maddux, Darwin F. Davis and Charles Locher were a copartnership in Cincinnati, Ohio, as the firm of Maddux Bros.; that on said date they recovered a judgment against appellant before a justice of the peace; that said firm afterwards became insolvent and made a voluntary assignment of all its property; that pursuant to an order of the probate court of Hamilton county, Ohio, the assignee sold all book accounts, judgments, etc., including said judgment against appellant; that appellees bought all of said property so sold and paid the full purchase price therefor; that said sale was approved by the court, and the assignee executed and delivered to appellees a written instrument assigning the title to said property to appellees, and delivered the possession to them; that since said time they have been and are the equitable owners of said judgment; that said judgment was not assigned by the statute of Indiana or at all except as aforesaid; that appellees are the sole owners of said judgment; that said judgment still stands on the docket of said justice in the name of said firm aforesaid; that the same is wholly unpaid.

The members of the old partnership were made defendants, and each answered separately admitting the allegations of the complaint to be true; that they had no interest in said judgment and that appellees were the owners thereof. Appellant answered in three paragraphs, and upon issues formed judgment was rendered against appellant. The only error assigned is overruling appellant's motion for a new trial.

In order to pass the legal ownership of a judgment it is necessary to make the assignment as provided by the statute. But even if the statute is not complied with, there may be enough to pass the equitable title and give the assignee a right to sue on the judgment. *Kelley* v. *Love*, 35 Ind. 106; *Wood* v. *Wallace*, 24 Ind.

226; *Frybarger* v. *Andre*, 106 Ind. 337; *Adams* v. *Lee*, 82 Ind. 587; *Shirts* v. *Irons*, 54 Ind. 13.

It is argued that there is no evidence that appellees owned the judgment on which suit is brought, and that the evidence shows that the account on which the judgment was based was assigned after the recovery of the judgment; that the judgment never was assigned and that the assignment of the account would not carry the judgment.

It appears from the evidence that on the 16th day of April, 1885, Maddux Bros. executed a deed of assignment for the benefit of creditors to one Hinkle, of "all of the property and assets of said partnership of whatever nature or kind and wherever situated, consisting principally of the stock in trade of said partnership, * * * the book accounts and bills receivable of said ,business;" that the assignee afterwards petitioned the proper court and was ordered to sell the "desperate claims" due said firm; that in this list of desperate claims was "T. B. Snell, ....$45.11;" that these desperate claims were sold to appellees and that the assignee Hinkle executed a written assignment reciting, "For value received I hereby assign and transfer to Ann S. Maddux, Lauretta Maddux, Isadore Davis and Harriett V. Locher all the accounts and bills receivable referred to in the list of desperate claims of Maddux Bros. filed in the probate court of Hamilton county, Ohio, and sold at auction by its order;" that the entry of the claim on the books of Maddux Bros. at the time it was sold by the assignee was, "T. B. Snell, Muncie, Ind. Mem. March 27, 1883, to sight draft charged for balance bill Jan. 20, '83, $45.11." A witness, D. F. Davis, who was the agent of appellees in the purchase, and who was a member of the firm of Maddux Bros., testified that the firm had sold Snell a bill of goods amounting to $95.11, on

which $50.00 was paid and the balance put into a judgment; that the Snell claim was sold by the assignee at public auction along with other accounts and judgments, and that he purchased for appellees and took an assignment of the Snell claim.

It is not denied that the judgment passed to the assignee under the general assignment. It appears from the evidence that Snell owed the assignee of Maddux Bros. a certain sum, and that the claim was sold by the assignee to appellees. Appellant does not claim that this amount or any part of it has ever been paid. It is not made to appear that the firm of Maddux Bros. has any creditors who have not been paid. The sale by the assignee by order of court was binding upon the creditors of the firm as well as upon the firm itself. The assignee had made final settlement of his trust before this suit was brought, and all the former owners of the judgment are made parties, and each answered disclaiming any interest in the judgment and admitting that appellees are the owners of the judgment. We think there is evidence in the record which warranted the trial court in holding that appellees are the equitable owners of the judgment, and as such owners may sue on the judgment. It does not appear that at the time this suit was brought any other parties were claiming to own or have any interest in the judgment.

The fourth cause for a new trial was permitting a witness to state what the assignee did with the claim against appellant, on the ground that such testimony is hearsay. The witness had purchased the claim for appellees and was certainly competent to testify as to facts within his own knowledge. The witness stated some facts which were not proper, but these facts were shown by certified copies of the records of the Ohio court, to which no objection was made. In such case

the admission of such improper evidence is harmless error. *Citizens State Bank* v. *Adams*, 91 Ind. 280; *Holliday* v. *Thomas*, 90 Ind. 398; *Axtel* v. *Chase*, 83 Ind. 546; *Naugle* v. *State, ex rel.*, 101 Ind. 284. The same rule applies to the other causes for a new trial argued by counsel, except the fifth, and in that the witness answered to the question objected to that he did not know.

We think the trial court correctly determined the merits of the cause, and that substantial justice has been done the parties. The record contains no error for which the judgment should be reversed. Judgment affirmed.