# THE CHICAGO AND SOUTHEASTERN RAILWAY COMPANY
## *v.* HIGGINS.

[No. 18,432.    Filed April 21, 1898.]

JUSTICES OF THE PEACE.—*Pleading Judgment Of.—Jurisdiction.*— Under the provision of section 372, Burns' R. S. 1894 (369, R. S. 1881), that in pleading a judgment of a court of special jurisdiction it shall be sufficient to allege generally that judgment was duly given or made, it is not necessary to allege the facts conferring jurisdiction, provided it is alleged that judgment was duly given or made. *pp. 329, 330.*

JUDGMENT.—*Assignment.*—To pass the legal title to a judgment by assignment, the clerk of the court, or justice of the peace, must attest such assignment. *pp. 330, 331.*

SAME.—*Equitable Assignment.*—In an action by an equitable assignee of a judgment, the assignor should be made a party defendant to answer as to his interest. *p. 332.*

From the Boone Circuit Court.    *Reversed.*

*W. R. Crawford* and *U. C. Stover,* for appellant.

*C. M. Zion,* for appellee.

MONKS, J.—This action was brought by appellee against appellant to enforce the payment of a judgment alleged to have been rendered by a justice of the peace against the Midland Railway, to whose rights and liabilities appellant has succeeded. Judgment was rendered against appellant. The court overruled a demurrer to the complaint for want of facts and for "defect of parties defendant in this: that George L. Weitzel should have been made a defendant in said action," and this ruling is assigned as error.

It is first insisted by appellant that the complaint was insufficient because there are no averments showing that the justice of the peace by whom the judgment was rendered had in any way acquired jurisdiction over the judgment defendant, the Midland Railway Company. It is provided by section 372, Burns' R. S. 1894 (369, R. S. 1881), that "In pleading a judg-

ment or decision of a court or officer of special juris-
diction, it shall be sufficient to allege, generally, that
the judgment or decision was duly given or made.    If
the allegation be denied, the facts conferring juris-
diction must be proved at the trial."    Since the tak-
ing effect of this section in 1853 it has not been neces-
sary in pleading a judgment of a justice of the peace
of this or another jurisdiction to allege the facts con-
ferring the jurisdiction, provided it is alleged, "that
said judgment was duly given or made."    *Hopper* v.
*Lucas*, 86 Ind. 43, and cases cited; *Crake* v. *Crake*,
18 Ind. 156; *Shockney* v. *Smiley*, 13 Ind. App. 181.    It
was not alleged in the complaint that the judgment
was duly given, or that it was duly made.    Neither
was there any averment showing that the justice of
the peace had any jurisdiction over the Midland Rail-
way Company.    It is true, that where it appears that
inferior courts have jurisdiction over the subject-
matter, and have acquired jurisdiction over the per-
sons of the parties to the action, the same presump-
tions are indulged in favor of the regularity and
validity of the proceedings as are indulged in favor
of the proceedings of courts of superior jurisdiction.
*Johns* v. *State*, 104 Ind. 557, 560, and cases cited.    But
no presumptions will be indulged that courts of jus-
tice of the peace have acquired jurisdiction of the
parties.    This must be shown by the facts alleged in
the pleading, or the statutory averment that the judg-
ment was duly made or given.    *Hopper* v. *Lucas*, *supra*,
p. 46, and cases cited.

It is clear that the complaint was not sufficient to
withstand the demurrer for want of facts.

It is alleged in the complaint that the judgment
was rendered by the justice of the peace in favor of
George L. Weitzel, and that a transcript thereof was
filed in the office of the clerk of the circuit court of

Boone county, Indiana, and recorded in the order book of said court, and that afterwards said "George L. Weitzel, for value received, sold, assigned, and transferred by indorsement in writing on the record of said judgment, where recorded in the office of the clerk of said court, all his right, title, and interest in and to said judgment to Moses P. Higgins, the plaintiff herein, who is the owner and holder of said judgment and entitled to the payment thereof."

Counsel for appellant insist that said allegations only show an equitable assignment of the judgment to appellee, and not an assignment under the statute, and that therefore George L. Weitzel should have been made a party defendant in the court below to answer to his interest in said judgment, as required by section 277, Burns' R. S. 1894 (276, R. S. 1881). The statute concerning the assignment of judgments of a court of record, and of a justice of the peace, is that they "may be assigned by the plaintiff or complainant, and the assignees thereof successively, on or attached to the entry of such judgment or decree; and the assignment, when attested by the clerk of the court or such justice of the peace, shall vest the title to such judgment or decree in each assignee thereof successively." Section 612, Burns' R. S. 1894 (603, R. S. 1881). Before the enactment of said section, judgments were not assignable so as to vest the legal title in the assignee. *Lapping* v. *Duffy*, 47 Ind. 51, 52; *Reid* v. *Ross*, 15 Ind. 265. Under our code an equitable assignee of a judgment may maintain an action thereon. *Lapping* v. *Duffy, supra*, pp. 52, 53, and cases cited. To pass the legal title to a judgment the requirements of said section must be complied with. *Kelley* v. *Love*, 35 Ind. 106, 107; *Burson* v. *Blair*, 12 Ind. 371, 373. Under the statute the legal title vests in the assignee when the required assignment is attested

by the proper officer. As there is no allegation show-
ing that the assignment was attested by the proper
officer, the same only vested an equitable title in the
appellee. The rule is that in an action by an equita-
ble assignee the assignor should be made a party to
answer as to his interest. *Kelley* v. *Love, supra,* pp.
107-108; *Clough* v. *Thomas,* 53 Ind. 24; *Nelson* v. *John-
son,* 18 Ind. 329. It would seem therefore that George
L. Weitzel should have been made a party defendant
to answer as to his interest. *Kelley* v. *Love, supra,*
107-108. Judgment reversed, with instructions to sus-
tain the demurrer to the complaint.