[L. A. No. 1271.  Department Two.—May 14, 1904.]

## W. B. McHATTON, Respondent, *v.* C. H. RHODES, Appellant.

ACTION TO RECOVER PERSONAL PROPERTY—EXCHANGE FOR LAND—FAILURE OF TITLE—CONVERSION OF PROPERTY—ADMISSION OF PLEADINGS —JUDGMENT FOR VALUE.—In an action to recover personal property transferred to one of the defendants in exchange for land in another state, where it appeared that such defendant had no title to such land, and that plaintiff had rescinded the contract, and the verified complaint alleged that the personal property had been sold by the defendants and the proceeds converted to their own use, and the answer does not deny this, a judgment for the value of the property without an alternative was proper.

ID.—EVIDENCE OF FAILURE OF TITLE — FOREIGN JUDGMENTS AGAINST GRANTOR—PRESUMPTIONS.—It was proper, in order to show a failure of the defendants' title, to offer in evidence the judgment of a court of general jurisdiction of the state in which the land was situated, adjudging that the defendants' grantor had no title to the land.  Full faith and credit must be given in each state to the judicial proceedings of every other state, and all presumptions must be indulged in favor of the jurisdiction of the court to render the judgment offered in evidence.

ID.—JUDGMENT UPON PUBLICATION OF SUMMONS—PRESUMPTION OF VERITY—COLLATERAL ATTACK.—The same presumption of verity which

attends the determination of the question of jurisdiction of the person of the defendant, except as against a direct attack upon appeal, and which does not depend upon the existence of any record of the decision, applies equally to a judgment affecting real property obtained against a non-resident by publication of summons, which, if not questioned by any direct proceeding, cannot be collaterally attacked if it does not appear to be void upon its face, although no order of publication or affidavit of service may appear in the record.

Id.—Recital in Judgment—Absence of Order—Presumptions.—Where the foreign judgment offered in evidence recited that the defendants had been fully notified by publication more than thirty days before the first day of the term of court, it must be presumed that an order was made for publication, which is no part of the judgment-roll, and that the notice was given as provided by the laws of the state where it was rendered.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion.

Byron Waters, and Waters & Wylie, for Appellant.

John W. Kemp, for Respondent.

COOPER, C.—Appeal from judgment in favor of plaintiff. The record consists of the judgment-roll and a bill of exceptions.

It appears by the complaint that a contract was made between the plaintiff and defendant, by which plaintiff transferred to defendant certain personal property in exchange for a tract of land in the state of Missouri, which defendant Rhodes claimed to own at the time of the exchange.

Plaintiff alleges that after the exchange he discovered that defendant had no title to the land described in the deed; that the representation that defendant had such title was false and fraudulent; and that plaintiff has rescinded the contract.

The issue was thus made as to whether or not the defendant had title to the land at the time he attempted to convey it. It appeared that one Hattie Meagher was the immediate grantor of defendant. In order to prove that defendant had no title the plaintiff offered, and the court admitted in evidence, a certified copy of the judgment of the eighteenth judicial circuit of the state of Missouri, in a case where A. M.

Brown was plaintiff and Hattie Meagher et al. defendants, which judgment directed, among other things, that a deed executed by Henry Diebels and Jennie Diebels to Hattie Meagher be set aside, and further adjudged the plaintiff in said action to be the owner in fee simple of the said real estate, the same being the real estate described in the complaint herein. The certified copy of the judgment was admitted in evidence, under defendant's objection, for the purpose of proving that defendant had no title to the land. Upon this evidence the court found that the defendant did not own the land at the time he conveyed to plaintiff, and gave judgment for seven hundred and fifty dollars and costs. The objection to the judgment being admitted in evidence was upon the ground, among others, that it did not appear therefrom that the court had jurisdiction of the persons of Hattie Meagher and J. H. Meagher, her husband, who are conceded to have been non-residents of the state of Missouri, because they were not personally served with process of any kind in the state of Missouri or elsewhere, and because it does not appear that the court or the judge thereof in the said action ever made any order requiring summons or other process to be served by publication, or that any order of publication in said action was ever made at all.

The recital in the judgment as to service upon the said Hattie Meagher and her husband is as follows: "The above named defendants have been duly notified of the institution of this suit by publication in four consecutive issues of the Marshfield Mail, a weekly newspaper printed and published in Webster County, Mo., the last insertion being more than thirty days before the first day of this term of court." It is conceded that the court rendering the judgment was a court of general jurisdiction. Plaintiff introduced in evidence section 2022 of the Revised Statutes of the state of Missouri, which provides that if it is alleged in the petition or in an affidavit that defendants, or some of them, are non-residents of the state, and cannot be served in the state, the court in which the suit is brought, or in vacation the clerk thereof, "shall make an order directed to the non-residents or absentees, notifying them of the commencement of the suit, and stating briefly the object and general nature of the petition, and, in suits in partition, describing the property

sought to be partitioned, requiring such defendant or defendants, to appear on a day to be mentioned therein and answer the petition, or that the petition will be taken as confessed. If in any case there shall not be sufficient time to make publication to the first term, the order shall be made returnable to the next term thereafter that will allow sufficient time for such publication.''

The court being of general jurisdiction, all presumptions are that it had jurisdiction, and that the effect of the recital in the judgment is, that the notice or summons was properly published. It is declared in the constitution of the United States that full faith and credit shall be given in each state to the judicial proceedings of every other state.

It is provided in subdivision 16 of section 1963 of the Code of Civil Procedure that, among disputable presumptions, it is presumed ''that a court or judge, acting as such, whether in this state or any other state or country, was acting in the lawful exercise of his jurisdiction.'' The jurisdiction of the courts of general jurisdiction as to persons extends in a general sense to persons within their territorial limits, and who can be reached by their process. In a certain class of proceedings *in rem*, where the property or subject of the action is within the territorial limits of a state, it may, by statutory provisions, procure jurisdiction of the person of a non-resident by constructive service of its process. The question as to the presumption of jurisdiction as to a domestic judgment is very fully considered *In re Eichhoff*, 101 Cal. 602, and it is there said: ''The fact that the court has rendered a judgment implies a determination by it before it assumed to hear the controversy, that it had jurisdiction over the subject-matter of the action, and of the defendant against whom the complaint was directed. Its jurisdiction does not exist by virtue of its mere decision that it has jurisdiction, as that would be reasoning in a circle, but the presumption of its jurisdiction exists because it has been authorized to determine this question in the same mode as any other question of fact upon which its judgment is to rest, and its decision thereon is presumed to have been made upon evidence sufficient to sustain it. Its determination upon this question is to be made upon evidence of some nature, and, whether this evidence is sufficient or insufficient to support its conclusion

thereon, it has the jurisdiction to make the determination; and if its conclusion is incorrect, it is merely error, which can be reviewed only upon a direct appeal. Even though it should determine the question without any evidence before it, the same presumption of verity attends its decision upon this point as upon any other issue which it may determine without evidence. Nor does this presumption of its jurisdiction to make the decision depend upon the existence of any record of the decision.''

We think the rule above stated applies equally to a judgment obtained against a non-resident by publication. The court has jurisdiction in such case, provided certain things are done. Notice must be given as provided by the statutes of the state. The court must determine before giving judgment that such things have been done. The presumption in support of a judgment of a court of general jurisdiction is not made to depend upon the way in which a summons is required to be served. The rights of non-residents are no greater than the rights of residents, when such non-residents are brought before the court by proper process. The way of bringing them into court may be different, but in all cases where a judgment is collaterally attacked we must presume, in the absence of anything appearing to the contrary, that they were properly brought in. The presumption is the same where service has been made by publication as where personal service has been had. It is necessary that confidence should be reposed in courts of such high character. It is the only safe rule for the protection of persons and property. If such judgments are erroneous, or if they were in fact rendered without jurisdiction, they may be reversed on appeal, by new trial, or in some cases by proceedings in a court of equity, but when not questioned in some direct proceeding the good of society demands that they shall not be collaterally attacked unless void on their face. Such is the rule stated in most of the late cases. (*Janes* v. *Root,* 22 Tex. Civ. App. 413; *Buse* v. *Bartlett,* 1 Tex. Civ. App. 335; *Stewart* v. *Anderson,* 70 Tex. 588; *Thomas* v. *King,* 95 Tenn. 66; *Gimmell* v. *Rice,* 13 Minn. 400; *Hoagland* v. *Hoagland,* 19 Utah, 103; *Bank of Colfax* v. *Richardson,* 34 Or. 518;[1] 1 Black on Judgments, sec. 281, and cases cited.)

---

[1] 75 Am. St. Rep. 664.

Appellant contends that the rule is declared in *Galpin* v. *Page,* 18 Wall. 350, to be, that no presumption shall be indulged in favor of a judgment against a non-resident by publication. There are expressions in the opinion very much tending in that direction. But whatever may have been said in *Galpin* v. *Page* must yield to the later and better rule laid down in *Applegate* v. *Lexington etc. Mining Co.,* 117 U. S. 255, where it is said: "Where a court of general jurisdiction is authorized in a proceeding either statutory or at law or in equity, to bring in, by publication or other substituted service, non-resident defendants interested in or having a lien upon property lying within its territorial jurisdiction, but is not required to place the proof of service upon the record, and the court orders such substituted service, it will be presumed in favor of the jurisdiction that service was made as ordered, although no evidence thereof appears of record, and the judgment of the court so far as it affects such property will be valid."

It is said in Black on Judgments (vol. 1, sec. 281), in commenting upon some of the earlier cases, including *Galpin* v. *Page,* 18 Wall. 350, "but on the other hand, most of the later decisions contend, and with much show of reason, that such a rule is arbitrary and illogical, for, say they, the court is none the less a court of general jurisdiction because in this instance the legislature prescribes a special mode for the exercise of its powers. . . . According to this view, in cases of constructive service, the record, if silent or incomplete, should be aided by the same presumptions which obtain in the case of ordinary judgments founded upon personal service." And, after referring to the later decisions, it is said in Freeman on Judgments (vol. 1, sec. 127) : "The position is taken that presumptions of regularity are applicable to the proceedings of courts of record, not because of the particular means which these tribunals happen to employ, under the authority of the law, for the purpose of acquiring jurisdiction of the defendant, but because of the high character of the courts themselves, and this character is essentially the same in all cases irrespective of the methods employed in the service of process."

In this case the order for publication does not appear in the record, and hence appellant claims that the rule stated

in *Applegate* v. *Lexington etc. Mining Co.,* 117 U. S. 255, does not apply. It is sufficient to say that the order is no part of the judgment-roll, and cannot be considered. (*In re Newman,* 75 Cal. 220;[1] *Sichler* v. *Look,* 93 Cal. 603.) In the latter case it was held on direct appeal that where a summons was served by publication, "in support of the judgment of the court, it will be presumed upon a direct appeal, in the absence of any evidence to the contrary, that this mode of service was made under a proper order of the court therefor, and that a sufficient affidavit for such order was presented to the court before making the order." In the case at bar the recital in the judgment is, that the defendants have been duly notified by publication more than thirty days before the first day of the term of court. We must presume that an order was made for the publication of the notice, and that the notice was given as the laws of Missouri provide. The record does not show that the court did not have jurisdiction.

It is claimed by appellant that the judgment should have been that the property be restored to the plaintiff, and not for the value of the property. The complaint, which is verified, alleges that the property has been sold by defendants and the proceeds thereof converted to their own use. The answer does not deny this. Therefore, it was not necessary to find upon the question, and it would have been useless to make a judgment in the alternative. We find no error in the record.

It is advised that the judgment be affirmed.

Chipman, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    McFarland, J., Henshaw, J., Lorigan, J.

[1] 7 Am. St. Rep. 146.