[Sac. No. 2091.   Department One.—October 13, 1914.]

DOAK GAS ENGINE COMPANY (a Corporation), Respondent, v. J. R. FRASER, Appellant.

Sale of Machinery—Acceptance by Buyer After Testing—Waiver of Defects and Warranty.—Where a person purchasing machinery takes it and tests it, finds in it certain defects, and upon his demand the sellers then remedy the defects to his satisfaction, and he then accepts the machinery and executes a note for the price, he cannot, in defense to a suit on the note, set up such defects as a breach of warranty in the contract of sale. Those defects will be deemed to have been waived, and the warranty will then be applicable only to defects afterward appearing or to those which were not thus discovered and waived.

Id.—Action on Purchase-money Note—Evidence—Letter Recommending Purchase of Engine.—In an action on a promissory note given by the purchaser of a marine gas engine for the purchase price, a recommendation to accept the engine, written by an engineer who was employed by the purchaser to see that it complied with the contract of sale and to see to its proper installation in a launch, and who tested the engine, is admissible in evidence when the defense is interposed that the engine is defective.

Id.—Exclusion of Evidence—Review on Appeal.—In such action the plaintiff cannot complain on appeal of the exclusion of evidence as to defective construction, when the record shows that no other proofs than those admitted were offered.

APPEAL from a judgment of the Superior Court of Solano County.   A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

T. T. C. Gregory, and G. Clark, for Appellant.

M. R. Jones, for Respondent.

SHAW, J.—The appeal here presented was taken from the judgment within sixty days after its entry.   The evidence is set forth in a bill of exceptions.

Plaintiff's complaint was in two counts.   The first count was upon a promissory note, executed by defendant to plaintiff, on September 2, 1910, payable one year after date, for one thousand seven hundred and fifty dollars.   The second

count was for goods sold and labor done by plaintiff, to and for the defendant, of the alleged value of $520.75.

Upon the second count the court allowed the plaintiff only $109.20.    No objection is here made to that part of the judgment.

The execution and nonpayment of the note were admitted in the answer.    The main defense was upon a counterclaim. The note was given in consideration of the balance due upon a contract for the purchase and installation of a seventy-five horsepower Doak marine gas engine, with propeller and shaft, sold by plaintiff to the defendant, to be installed by the plaintiff on the defendant's freight launch "Skimmer."    The counterclaim alleged that it was a part of the contract of sale that the engine, propeller, and shaft should be suitable for the purpose of propelling the launch and that they were to be installed by the plaintiff in a workmanlike manner, so that they would propel said launch; that the same were installed in an unskillful manner so as to weigh down the launch, reduce her utility and make her navigation more dangerous and her operation unsafe, except in unusually calm weather, and in such a manner that they were not capable of propelling the launch in her work so that she could make regular runs, whereby, it is alleged, the defendant was damaged in the sum of one thousand five hundred dollars.

The court found that the allegations of the counterclaim, in regard to the unskillful installation of the engine, propeller, and shaft and the alleged consequences thereof, were untrue.

It is not contended that the evidence was insufficient to support these findings.    The principal claim of the defendant is that the court below did not allow him to give evidence to show the defective condition of the engine.

The evidence showed that, after some negotiations between the plaintiff and the defendant, in which the defendant consulted Mr. Dickie, a competent naval architect and engineer employed by him in the matter, the defendant purchased the engine, propeller, and shaft from the plaintiff and executed the contract mentioned in the counterclaim, paying one thousand dollars down, and agreeing to pay one thousand seven hundred and fifty dollars at a later date.    It was further shown that the defendant employed Mr. Dickie to see that the work of installing the engine was properly done and that the engine

CLXVIII Cal.—40

had the power required by said contract, that the work was done to the satisfaction of Mr. Dickie, that the engine was then tested by running the launch therewith a mile, in the presence of the defendant and Mr. Dickie; that Mr. Dickie thereupon found the engine satisfactory and gave a writing to the defendant recommending that the engine be accepted. Sometime during this trial or immediately after, the bearings of the engine became heated and this was called to the defendant's attention. After the test he took possession of the launch and ran it for about two weeks, at the end of which time it was discovered that there was some trouble with the babbit metal in the journal bearings and, upon the defendant's demand, the plaintiff replaced it with new babbitt metal. The test was made and the launch and engines delivered to the defendant on June 25, 1910. The re-babbitting was done on and prior to July 30th. From that time until September 2, 1910, the defendant continued to use the launch and engine, during which time some additional trouble occurred with the engine, and at that time he signed and delivered to the plaintiff a writing accepting the engine, subject to the conditions of the contract and executed the note sued on. The evidence as to these facts was not contradicted.

Counsel say that "at the outset the lower court closed the door to all proof as to defective construction" in support of the allegations of the counterclaim. The record shows, however, that proof was made of the defects above related, and that no proof was offered of any other defects. Before he accepted the engine the defects above mentioned had been removed or adjusted to his satisfaction and thereupon he accepted the engine and gave his note for the balance of the price. This is a complete answer to the objection that the court closed the door to further proof. No further evidence was offered.

Plaintiff offered no evidence to prove the allegations that the engine was installed in an unskillful manner, or that it was so installed as to weigh down the launch, or reduce her utility, or make her navigation more dangerous except in calm weather, or render the engine incapable of propelling the launch or disabling the launch from making regular trips. These constituted the breaches of contract alleged in the counterclaim.

Where a person purchasing machinery takes it and tests it, finds in it certain defects, and upon his demand the seller then remedies the defects to the satisfaction of the buyer and the buyer then accepts the machinery and executes the note for the price, he cannot in defense to a suit on the note, set up such defects as a breach of the contract of warranty in the contract of sale. Those defects will be deemed to have been waived. The warranty, if any there was, will then be applicable only to defects afterward appearing or to those which were not thus discovered and waived.

There was no error in admitting the writing of Dickie recommending the acceptance of the engine. Dickie was employed by the defendant to make the test and the writing was given at the time of the test, with defendant's full knowledge, and no objection was made by him. Furthermore, he did not then accept the engine, but waited until he had made a further trial and had had certain defects remedied. Even if the writing had been incompetent, it could not have been prejudicial, in the absence of any offer to prove additional defects.

No other objections are urged to the action of the court below.

The judgment is affirmed.

Sloss, J., and Angellotti, J., concurred.