[Civ. No. 6117.   Second Appellate District, Division One.—February 21, 1929.]

LULU CUMMINGS, Respondent, v. FRANK CUMMINGS, Appellant.

Harrah, Louis & Quillian and H. B. Pool for Appellant.

James W. Mack for Respondent.

CRAIL, J., *pro tem.*—The first cause of action set up in the complaint is one to recover on a judgment of the supreme court of the state of New York granting to the wife $65 per week for the support of herself and her two children. And appellant sets out four errors in regard thereto which he claims entitle him to a reversal.

It is first contended that "plaintiff's complaint does not state facts sufficient to constitute a cause of action, as all material allegations of the complaint are based upon information and belief and further that paragraphs IX and X of the first cause of action of the complaint are not sufficient allegations of the judgment and entry thereof." A more direct statement of appellant's contention would be that

plaintiff may not allege upon information and belief facts known to her or which are ascertainable from an inspection of the public records of New York. ▇ The complaint was verified by the attorney for plaintiff for the reason that the plaintiff was absent from the county where the attorney had his office (Code Civ. Proc., sec. 446), and the allegations were properly based upon information and belief. (*Brown* v. *Sandell*, 79 Cal. App. 313 [249 Pac. 209].) ▇ Also it must be remembered that although the allegations were made on information and belief, the trial court found such allegations to be true. No prejudice resulted to defendant's rights in the premises, and he cannot be heard to complain on appeal. Appellant's further contention that paragraphs IX and X of the first cause of action are not sufficient falls for the same reason. Appellant contends that these two paragraphs only are not based upon information and belief and are therefore the only allegations which are good. We find that the other allegations, even though based upon information and belief, are good and hence there are sufficient allegations of the judgment and entry thereof. ▇ Appellant also contends in this regard that the complaint is not sufficient for the reason that it does not contain an allegation that the New York decree is not subject to modification by the court which passed it. Such an allegation is not necessary. A judgment for alimony is not subject to modification as to sums already accrued and past due. This is the law of California and New York. (*Soule* v. *Soule*, 4 Cal. App. 97 [87 Pac. 205]; *Sistare* v. *Sistare*, 218 U. S. 1 [20 Ann. Cas. 1061, 28 L. R. A. (N. S.) 1068, 54 L. Ed. 905, 30 Sup. Ct. Rep. 682, see, also, Rose's U. S. Notes].) Plaintiff's complaint shows that she had a vested right in past due payments of alimony.

▇ Appellant by motion sought permission of the trial court to file a supplemental answer, wherein it was alleged that plaintiff had been paid $2,275 which should have been applied on the judgment, and also that the parties executed a contract subsequent to the filing of the original answer whereby the New York judgment was settled. The law and motion department of the trial court, Judge B. Rey Schauer presiding, granted the motion upon the conditions that defendant pay plaintiff $500 and that he submit to the taking of his deposition within sixty days. Appellant's second con-

tention is that the trial court erred in imposing these conditions.

Prior to the time this order was made the defendant's deposition had been taken; in this deposition he admitted virtually every allegation of the complaint and revealed that two weeks prior thereto, when he knew he was to be examined, he disposed of his property in California, taking the proceeds in the sum of $16,500 to the state of Arizona, "to put it in a safe place." The plaintiff in opposition to defendant's motion set forth the above facts and also filed an affidavit setting forth the fact that plaintiff and the two children of the parties were in destitute circumstances and also the necessity for immediate relief. It pointed out also that plaintiff's case was ready for trial, but that the injection of the new issues would delay the trial and further that it would be necessary to have the plaintiff present at the trial to meet the new issues in case defendant's motion was granted. ■ Such a motion is addressed to the sound legal discretion of the court. (*Jacob* v. *Lorenz*, 98 Cal. 332 [33 Pac. 119]; *Greenwood* v. *Adams*, 80 Cal. 74 [21 Pac. 1134].) In granting an application to file a supplemental answer, the court may impose such terms as are just and proper. And such an order will not be disturbed in the absence of abuse. (*Merced Bank* v. *Price*, 9 Cal. App. 177 [98 Pac. 383]; *Greenwood* v. *Adams*, *supra*.) We are of the opinion that under the circumstances there was no abuse of discretion.

■ After the entry of the above order the plaintiff filed a supplemental complaint alleging merely the accrual of additional sums from the time of the commencement of the action. Without complying with the court's order the defendant filed an answer to the supplemental complaint in which he incorporated the alleged defenses referred to in his motion for permission to file an amended answer. The reporter's transcript shows that the day before the trial defendant's counsel sought a stipulation from plaintiff to withdraw said defenses on the ground that he was not prepared to prove said defenses. At the beginning of the trial there was a running argument as to whether this dismissal should be with or without prejudice and the attorney for defendant stated to the court that he was not ready for trial on the defenses above referred to. Thereupon the plaintiff

moved "to preclude the defendant from giving any evidence" on such defenses "on the ground that he has not complied with the terms of the order of the court under which such defenses might be set up." The transcript proceeds: "The Court (Judge Leonard Wilson presiding): Do you want to speak on that motion? Attorney for defendant: No, your Honor. The Court: Motion granted. Now are you ready for trial? Attorney for defendant: Yes, your Honor." Defendant's third contention is that the court erred in granting this motion. It will be observed that the statement made to the court and on which the court relied in granting the motion, i. e., "he has not complied with the terms of the order under which such defenses might be set up," is not literally true with reference to the answer to the supplemental complaint. Nevertheless, the attorney for defendant made no denial of the statement, even though asked by the court if he wished to speak. He should have challenged the statement and not permitted the court to be misled into an erroneous ruling. The error was not subsequently called to the court's attention by a motion for a new trial or in any other way, and the point is raised for the first time in this court. An appellant will not be heard to urge as a ground for reversal an error which he is estopped from raising. (2 Cal. Jur. 844.) The trial court is entitled to protection against such a proceeding. Furthermore, it will be observed that the appellant had not as yet made an offer of any proof as to these issues. It is equally true that at no subsequent stage of the trial did he make any such offer or proof; but, on the contrary, he had already stated in open court that he was not prepared thereon. Ordinarily the exclusion of evidence will not be considered on appeal where there is nothing to show that it was in fact offered. (2 Cal. Jur. 696; *Doak Gas Engine Co.* v. *Fraser,* 168 Cal. 624 [143 Pac. 1024].) Under the circumstances of the instant case and in the absence of some offer of proof we are constrained to hold that this ruling was without prejudice.

Appellant's fourth contention is that the evidence of the New York judgment was not sufficient. It would serve no useful purpose to set out the evidence herein. It is sufficient to say that the judgment showed on its face that the New York court had jurisdiction. Appellant's con-

tention has been already decided adversely to him in *McHatton* v. *Rhodes,* 143 Cal. 275 [101 Am. St. Rep. 125, 76 Pac. 1036], and in *Uplinger* v. *Yonkin,* 47 Cal. App. 435 [190 Pac. 822]. His further contention in this regard that the copy of the judgment, which was offered in evidence, was not duly authenticated is based on a mere mistake in the reporter's transcript and is without merit.

■ Appellant states his fifth contention as follows: "That the decision is against the law as that part of the judgment which was based upon plaintiff's second cause of action is against the law, and the complaint on plaintiff's second cause of action does not state facts sufficient to constitute a cause of action." This is a vague and indefinite statement of an alleged error and some explanation is necessary. Plaintiff's second cause of action was one for separate maintenance for herself and two children against the defendant, and, among other things, the complaint sets forth that the defendant is a resident of California, and has property in this state, that defendant is a vaudeville performer and is constantly traveling, that he is rarely in any town more than a week and that he resides in hotels, that his earning capacity is from $200 to $250 per week—more than sufficient to pay weekly installments of alimony of $65; it repeats the recitals as to the New York judgment by reference to count one and states that defendant has ample means to pay all sums accrued thereon to date, but that he openly states that he refuses to apply any of his property to the payment of the New York judgment and that he refuses wilfully and openly to obey the mandate of the said judgment, that the alimony herein sought is for the maintenance and support of plaintiff as wife and of two children of the parties aged four and six respectively, and that they are financially distressed and in dire need of financial assistance, depending upon charity for the necessaries of life—all as a result of defendant's failure and neglect, that there is no way of obtaining relief in New York and that there is no adequate relief by repeated suits throughout the several states; that at the time of the commencement of the action defendant had an interest in real property in California; that during its pendency he had disposed of the property and removed the proceeds to the state of Arizona with the intent of depriving the courts of this state of the means of enforcing the judgment, and that the

plaintiff has no speedy or adequate remedy at law. Equitable relief was prayed. The judgment of the trial court was for a sum equal to the amount due under the New York judgment, including all installments down to the entry of the judgment, and for $65 per week thereafter, but only so long as the decree of the New York court remains unmodified, leave being granted to apply for a modification if the New York court modifies its decree, and restrained the defendant from transferring, assigning, or otherwise disposing of the money in Arizona except to apply the same on the payment of the judgment, and other proper equitable relief.

Appellant's contention, stated in his own language as it appears both in his opening brief and in his reply brief, is as follows: ''Under the full faith and credit clause of the Federal Constitution (article IV, section 1), the courts of one State must enforce a judgment for alimony rendered in another State for a definite sum, but are not bound to enforce the judgment so far as it applies to future payments. *Sistare* v. *Sistare,* 218 U. S. 1 [20 Ann. Cas. 1061, 28 L. R. A. (N. S.) 1068, 54 L. Ed. 905, 30 Sup. Ct. Rep. 682, see, also, Rose's U. S. Notes]; *McCullough* v. *McCullough,* 203 Mich. 288 [168 N. W. 929]; *Levy* v. *Dockendorff,* 177 App. Div. 249 [163 N. Y. Supp. 435]; *Richards* v. *Richards,* 87 Misc. Rep. 134 [149 N. Y. Supp. 1028]; *Campbell* v. *Campbell,* 28 Okl. 838 [115 Pac. 1111].'' From this premise he argues that because our state courts are *not bound* to enforce the judgment of our sister state so far as it applies to future payments, therefore our courts are *bound not* to enforce it. His premise is good, but his logic is bad, and it leads him into a position which is untenable. This is especially so in California, where our supreme court has said: ''There is, however, no possible consideration of public policy which could be suggested in support of precluding a non-resident wife . . . from invoking the aid of our courts to compel support from her husband who is a *bona fide* resident of the state.'' (*Hiner* v. *Hiner,* 153 Cal. 254 [94 Pac. 1044].) While the question seems to be a new one in this state, yet there is respectable authority in other states to support the doctrine that a judgment for alimony of a sister state may be enforced in the same manner that it could have been enforced if originally obtained here. (*Fan-*

*chier* v. *Gammill*, 148 Miss. 723 [114 South. 813]; *Barber* v. *Barber*, 21 How. (U. S.) 582 [16 L. Ed. 226, see, also, Rose's U. S. Notes].) And by analogy the doctrine is upheld in California. In *Spalding* v. *Spalding*, 75 Cal. App. 569 [243 Pac. 445], it was held that a decree of a Wisconsin court directing a conveyance of property is a sufficient basis for an action in the courts of this state to compel such conveyance. It is not necessary for us to take this position, however, in order to sustain the judgment of the trial court on this appeal. It should be borne in mind that appellant's complaint is not of the failure of our courts to recognize a judgment of a sister state as required by the full faith and credit clause of the federal constitution. His contention is that the trial court gave too much faith and credit to the New York judgment. Hence there is no federal question involved.

This is the only question raised by appellant against the plaintiff's second cause of action and it is without merit. The second count of plaintiff's complaint seems to state a cause of action for separate maintenance under our California laws regardless of the New York judgment. That judgment is evidentiary and incidental merely, and unnecessary even, to the second cause of action. At least appellant does not call our attention to any failure of the second count to state a cause of action other than the federal question above referred to, and it is not the duty of an appellate court to search the record for errors upon which to grant a reversal of a judgment of the trial court. The facts alleged and proved entitled the plaintiff to equitable relief and the relief granted seems appropriate. The trial court, in an obvious effort to protect defendant in case of subsequent modification of the New York decree, required defendant to pay future installments only so long as the New York decree remains unchanged. If the New York court modifies its decree the judgment of the trial court grants permission to apply for a similar modification. This safeguard was unnecessary, but as it was wholly in favor of defendant we do not see how he may well complain of it.

Judgment and order affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 20, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 22, 1929.

All the Justices present concurred.