[Civ. No. 911. Fourth Appellate District.—July 6, 1932.]

AMY TORNQUIST, Respondent, v. HALLECK F. JOHNSON, Appellant.

A. R. Honnold for Appellant.

A. W. Treadwell and Stanley T. Howe for Respondent.

HARDEN, J., *pro tem.*—Suit on foreign judgment for money.

On October 20, 1923, O. W. Richardson & Company, a corporation, procured a judgment against defendants Halleck F. Johnson and Ralph E. Johnson, in the Marshall County Circuit Court, comprising the forty-first judicial circuit (since changed to the seventy-second judicial circuit) of the state of Indiana, in the sum of $579.39, together with

interest thereon at the rate of six per cent per annum until paid. Plaintiff filed this action as assignee of said O. W. Richardson & Company, a corporation, against said defendants on said judgment with the result that judgment was rendered herein in favor of plaintiff and against defendant Halleck F. Johnson for the sum of $795.65. The defendant Ralph E. Johnson was not served with process herein; nor did he make any appearance. From the judgment said Halleck F. Johnson has appealed.

Copies of the record of the Indiana court, viz.: Judgment, summons together with sheriff's certificate of service thereof upon defendants, and answer to complaint denying the averments thereof and purporting to have been filed in behalf of defendants, were received in evidence over the objection of appellant. All of said records were authenticated in accordance with the requirements of our section 1906 of the Code of Civil Procedure and the act of Congress. The objection, as applicable to the judgment, is renewed here and it is contended that said judgment was not admissible for the reason that it was not accompanied by all of the records constituting the judgment-roll. Particularly it is urged that said judgment was not admissible because it was not accompanied by a copy of the complaint in the action. The Indiana judgment recites:

"Come now the parties by counsel into open court. This cause is now submitted to the court for trial and after hearing the evidence adduced the court finds for plaintiff and finds the allegations of plaintiff's complaint are true, and that there is due plaintiff from defendants on the account sued on the sum of $569.49, . . . together with costs of this cause herein taxed at $9.90."

Judgment is then ordered for plaintiff against defendants in said action for $579.39. Said recitals are sufficient to show jurisdiction of the court over the persons of the defendants therein; and the court will take judicial notice that under the laws of the state of Indiana the circuit court which rendered the judgment is one of general jurisdiction (sec. 1875, Code Civ. Proc.); and it will be presumed that said court had jurisdiction of the subject matter of the action. (15 Cor. Jur. 827, sec. 146, citing many cases.)

In support of his contention appellant cites and relies upon the cases of *Young* v. *Rosenbaum*, 39 Cal. 646, *Mason* v. *Wolff*, 40 Cal. 249, *Harper* v. *Rowe*, 53 Cal. 233, and *Wickersham* v. *Johnston*, 104 Cal. 407 [43 Am. St. Rep. 118, 38 Pac. 89]. Said line of cases is distinguishable from our case; and the distinction has been pointed out by Commissioner Britt in *Simmons* v. *Threshour*, 118 Cal. 100 [50 Pac. 312, 313], in the following language:

"We are not unmindful of the decision in *Wickersham* v. *Johnston*, 104 Cal. 407 [43 Am. St. Rep. 118, 38 Pac. 89], and the previous cases there followed (citing the other three cases herein relied on by appellant); nor do we now impugn the principle on which they proceed, viz., that to render a judgment admissible in evidence it must be shown to be a valid judgment, and that the appropriate method of doing this is to produce the roll so that it may be seen whether the court had jurisdiction to determine the cause. But in none of those cases does it appear that facts showing that the court had jurisdiction were recited in the judgment itself, since such recitals are evidence of their own truth, as numerous decisions of this court establish, they necessarily (when consistent with other parts of the judgment) supply the absence of the technical roll to the extent of rendering the judgment at least *prima facie* competent as evidence."

We think the rule applicable is that mentioned in said quotation and applied in the later cases of *Uplinger* v. *Yonkin*, 47 Cal. App. 435 [190 Pac. 822, 823], and *Cummings* v. *Cummings*, 97 Cal. App. 144 [275 Pac. 245]. In the first of said last-mentioned cases the appellant raised the same point as is raised here. In disposing of it the court said:

"First point: That the Illinois judgment has not been proved as required by law, in this, that an authenticated copy of the judgment alone was received in evidence without the judgment roll. This question has been determined adversely to appellant's contention in *McHatton* v. *Rhodes*, 143 Cal. 275 [101 Am. St. Rep. 125, 76 Pac. 1036]. An issue presented in that case depended upon the validity of a judgment of a circuit court, a court of general jurisdiction in the state of Missouri. An authenticated copy of the Missouri judgment was admitted in evidence without

the judgment roll. The judgment of the superior court was affirmed notwithstanding that the decision therein contained was clearly wrong unless supported by the evidence of the foreign judgment.''

Each of the cases of *Uplinger* v. *Yonkin, supra,* and *Cummings* v. *Cummings, supra,* was an action upon a money judgment procured in a sister state; and in each case the judgment sued upon showed jurisdiction over the defendant upon its face; and the last-mentioned case justifies the introduction of the judgment on that ground.

We hold that where a judgment for money rendered by a court of general jurisdiction of a sister state shows jurisdiction over the defendant upon its face, it is admissible in evidence in an action in this state based upon said judgment, though unaccompanied by a copy of the complaint; and that the judgment in question was properly received in evidence.

Connected somewhat with the appellant's first point is his further contention that the trial court should have determined as a fact that the Indiana court did not have jurisdiction over the person of appellant. Appellant testified that he was not served with summons in said Indiana action and that he did not authorize counsel who filed the answer for him and his co-defendant to do so. He admitted, however, that he was living at Plymouth (Marshall County), Indiana, on December 18, 1922, the date when, as shown by the sheriff's return, he was served with summons, but was uncertain as to whether he was in town on that particular day; and he also admitted that he was acquainted with the deputy sheriff who made return of service and with the attorney who filed the answer and who appeared at the trial. His testimony was indefinite in respect to his alleged indebtedness. In reply to the question ''Did your firm ever owe O. W. Richardson & Company anything?'' he replied: ''Not to my knowledge. I don't know. I didn't take care of that end of the business.'' The presumption that an attorney who has made an appearance for a party was authorized to do so is firmly established. (6 Cor. Jur. 631, citing many cases.) Many California cases so hold. The record evidence, if considered alone, was *prima facie* sufficient to justify the findings and judgment of the trial court in favor of plaintiff.

Appellant complains because the court did not act upon his testimony denying service of summons upon him and denying the authority of counsel to appear for him. A court may reject the most positive testimony. (*People* v. *Knutte*, 111 Cal. 453 [44 Pac. 166].) The testimony of appellant did no more than contradict the record evidence, supported as that evidence was by all the presumptions attending it. It was peculiarly within the province of the trial court to weigh and consider such testimony. We cannot hold as a matter of law that the *prima facie* effect of the record evidence was contradicted *and* overcome by the testimony of appellant. (Sec. 1833, Code Civ. Proc.; *Miller & Lux, Inc.*, v. *Secara*, 193 Cal. 755 [227 Pac. 171].) On the contrary, we hold that the trial court was amply warranted in disregarding the testimony of appellant and deciding in accordance with the effect of the record evidence.

It is also contended that the cause of action sued upon is barred by the provisions of section 336, subdivision 1 of the Code of Civil Procedure, to the effect that an action upon a judgment must be commenced within five years. It is admitted that under the Indiana statute an appeal may be taken at any time within 180 days from the time judgment is rendered. The time within which an appeal could have been taken from said judgment therefore did not expire until April 17, 1924. The record does not disclose that any appeal was taken. Said judgment did not become final until the time within which an appeal might have been taken therefrom expired; and the statute of limitations did not begin to run against the cause of action until the judgment became final.

"An action will not lie upon a judgment until it has become final. Until that time has arrived no cause of action upon the judgment has accrued. (*Hills* v. *Sherwood*, 33 Cal. 474, 479.) . . . In *Harris* v. *Barnhart*, 97 Cal. 546 [32 Pac. 589], it is said: 'Until the time for an appeal has expired, if the judgment has not been sooner satisfied, the action is, under section 1049 of the Code of Civil Procedure, to be deemed as pending.' To like effect are *Naftzger* v. *Gregg*, 99 Cal. 83 [37 Am. St. Rep. 23, 33 Pac. 757], and *In re Blythe's Estate*, 99 Cal. 472 [34 Pac. 108], in which latter case it is held: 'That a judgment, in order

to be admissible in evidence for the purpose of proving facts therein recited, must be a final judgment in the cause, and if the action in which the judgment is rendered is still pending necessarily the judgment is not final.' . . . The construction contended for by respondent would, as has been said, be an absolute reversal of and exception to this general salutary rule. Far more in harmony with the spirit of our law and with our adjudications upon this subject is the interpretation which holds that the statute begins to run only when the right of action has accrued, and this, as has been said and shown, is after final determination on appeal, in the event that an appeal has been taken, or after passage of the time in which an appeal might be taken, in the event that none has been." (*Feeney* v. *Hinckley*, 134 Cal. 467, 468 [86 Am. St. Rep. 290, 66 Pac. 580].)

The present action having been commenced by the filing of the complaint on March 20, 1929, it was begun within the period of five years after the statute of limitations began to run and was not barred by the provisions of that statute.

The remaining point raised is that the assignment of the judgment to plaintiff was invalid for the reason that it did not comply with the requirements of the Indiana statute covering the assignment of judgments. Said statute provides as follows:

"Judgments and decrees of a court of record for the recovery of money, and judgments obtained before a justice of the peace, may be assigned by the plaintiff or complainant, and the assignee thereof successively, on or attached to the entry of such judgment or decree; and the assignment, when attested by the clerk of the court or of such justice of the peace, shall vest the title to such judgment or decree in each assignee thereof successively." (Sec. 654, Burns Ann. Ind. Stats. 1926.)

The assignment herein was made by a separate instrument and is not attested by the clerk of the court. Such assignment is in the usual form, and no claim of insufficiency is advanced except a noncompliance with the requirements of said Indiana statute.

The general rule in respect to such statutory provisions concerning the assignment of judgments is that they merely provide a cumulative method by which assignment may be

accomplished. Thus it is stated in 34 Corpus Juris, page 640, section 985:

"Where the statute authorizing the assignment of a judgment provides a mode of assignment, its requirements must be followed in order to pass the legal title and secure to the assignee any rights which depend solely on the statute. But where such a statute does not expressly exclude other modes, it is regarded as cumulative merely, and does not prevent the making of an assignment in any other way which is recognized as sufficient in equity."

Notwithstanding the provisions of said Indiana statutes the courts of that state recognize that assignments made not in pursuance thereof are valid as equitable assignments and authorize suit thereon in the name of the assignee (*Chicago & S. E. Ry.* v. *Higgins,* 150 Ind. 329 [50 N. E. 32]; *Snell* v. *Maddux,* 20 Ind. App. 169 [49 N. E. 856]). Appellant acknowledges that the Indiana courts so hold, but contends that where an assignment is good only as an equitable assignment the decisions of said state require that the assignor be joined as a party to an action in a suit thereon. The question of who are necessary parties to an action begun in this state is to be determined by the laws of this state. Under our practice it is well established that an action may be maintained by the assignee of an equitable assignment without joining the assignor as a party. Such assignee is the real party in interest. (3 Cal. Jur. 297, sec. 43; *Heisen* v. *Smith,* 138 Cal. 216 [94 Am. St. Rep. 39, 71 Pac. 180]; *Puterbaugh* v. *McCray,* 25 Cal. App. 469 [144 Pac. 149].)

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.