5   485
86   527

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## E. GROVER, Respondent, v. O. L. HAWLEY and F. F. FITCH, Appellants.

Prior possession of public lands will entitle the possessor to maintain an action against a trespasser.

The right of enjoyment of possession to public lands may descend among the effects of a deceased person to the executor or administrator, and the right of the deceased be conveyed by a regular sale to another.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

*Harmon & Sunderland*, for Appellant.
No brief on file.

*Long & Dunlap*, for Respondent.
Prior possession is evidence of a fee, and although the lowest, unless rebutted by higher, it must prevail. Doe *v.* Herbert, Breese, 280. Doe *v.* West, 1 Blackf., 134.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

We have uniformly held that prior possession of public lands will entitle the possessor to maintain an action against a trespasser.

The question here raised, is whether such possession of land descends to the administrator of the first occupant, so as to be the subject of sale under an order of the Probate Court, and to entitle the purchaser to be subrogated to the rights of the first holder.

The first great object of the law, is to settle men's disputes, and in order more effectually to accomplish this, it is the policy of the law to find an owner for every thing sufficiently valuable to be the subject of dispute. The reason why a mere occupant of land is entitled to recover against a trespasser, is because value is attached to the enjoyment of the quiet possession of lands, and as long as the owner does not complain, the occupant has a well defined interest as against the rest of the world, upon the principles of natural justice.

Upon the death of a party, the law casts a descent, or makes distribution of all property, or interests in, or right of enjoyment of property, on some one. The purpose is, that each part and parcel shall have an owner; and, therefore, anything which was possessed or enjoyed by the deceased, of whatever nature, must and ought to fall under the general rule, in order so to be disposed of, that it must not be the source of disruption among contending claimants, or of disturbance to the peace and harmony of any members of the community.

For these reasons we determine, without hesitation, that the right of enjoyment of possession to public lands, may descend among the effects of a deceased person, to the executor or administrator, and the right of the deceased be conveyed by a regular sale to another. It remains but to add, that the judgment is affirmed.