## WIGGINS *v.* McDONALD.

DEFENDANT being indebted to the E. M. Co., and they to plaintiff, all parties agreed that defendant should pay the amount of his indebtedness to the company to plaintiff : *Held,* that this was an equitable assignment of the debt, and that the only mode under our practice in which the assignment can be enforced, is by action in the name of the assignee to recover the debt.

Under our system there is but one form of action to enforce private rights, whether legal or equitable; and the action must be in the name of the real party in interest, with certain statutory exceptions within which cases of assignment do not come.

Any act amounting to an appropriation of a debt, will constitute an assignment of it—no particular form of transfer is essential.

APPEAL from the Eleventh District.

In November, 1857, defendant purchased of the Empire Mining Company their mining claims for $8,000 in cash and an agreement on the part of defendant to. pay certain demands against these claims, among which was a debt due plaintiff. Defendant executed and delivered to plaintiff and one Linn a writing as follows, to wit :

"FOREST HILL, November 30th, 1857.

" I promise to pay to Robert Linn and Ambrose Wiggins their lawful demands against the Empire Claims as soon as it comes out of the claims of the Empire Co.'s Claims.

(Signed) " JAMES McDONALD."

Defendant went into possession of the claims and took out more than gold enough to pay plaintiff and all other claims against the company.  Plaintiff's demand against the company was independent of the demand of Linn.  Plaintiff sues on this writing and the agreement to pay him.  Judgment for plaintiff; defendant appeals.

*Tuttle & Hillyer,* for Appellant.

*Thos. H. Williams,* and *Hale & Smith,* for Defendant.

COPE, J. delivered the opinion of the Court — FIELD, C. J. and BALDWIN, J. concurring.

We have no doubt of the right of the plaintiff to maintain this action.  The defendant was indebted to the Empire Mining Company, who were indebted to the plaintiff, and it was agreed by all the parties that the defendant should pay to the plaintiff the amount of this indebtedness.  If the rights of the plaintiff were to be determined by the rules of the common law, it might be a question whether the action could be maintained in its present form ; but there is no doubt that the transaction amounted to an equitable assignment of the debt, and under our practice the only mode in which this assignment can be enforced is by an action in the name of the assignee for the recovery of the debt.  We have but one form of action for the enforcement of private rights, and with certain exceptions, the statute requires that every action shall be prosecuted in the name of the real party in interest.  Cases of assignment are not included in these exceptions, and in the form of the remedy no distinction exists between legal and equitable rights.  In this respect the two classes of rights are placed precisely upon the same footing, and must undergo the same remedial process for their enforcement.

It is not essential to the validity of the assignment that any particular form of transfer should have been adopted.  An appropriation of the fund was all that was necessary, and any act amounting to such an appropriation was sufficient to constitute an equitable assignment of the debt.  This accords with the rule laid down by

Judge Story in his work on Equity Jurisprudence, and we have no statutory provision derogating from the effect of this rule.

This view relieves the case of any question upon the Statute of Frauds.

Judgment affirmed.