[No. 5432.]

# MARIA D. MARSH v. JOHN S. DOOLEY, ADMINIS-TRATOR, AND MARTHA E. DOOLEY, ADMINISTRA-TRIX, OF THE ESTATE OF GEORGE W. DOOLEY, DECEASED.

CLAIM AGAINST AN ESTATE.—The payee and legal owner and not the equitable owner of a note and mortgage, so long as it remains in his possession unassigned, is the person to present the same for allowance to the administrator of the estate of the payor, and if he does not so present it within the time required by statute, it is barred, even if the equitable owner resided out of the State, and did not know of the death of the payor.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

Maria D. Marsh, who resided in Massachusetts, transmitted money to her brother, E. W. Darling, a resident of Santa Clara County, in this State, to loan on her account. Darling, on the 20th day of February, 1875, loaned to George W. Dooley one thousand nine hundred and sixty-eight and fifteen hundredths dollars, and Dooley gave his note to Darling for the amount, and also gave Darling a mortgage to secure the money. In May, 1875, Dooley died, and the defendants were appointed administrator and administratrix of his estate, and on the 26th of June published notice to creditors. The time for creditors to present their claims expired on the 26th of October, 1875. Darling did not present the claim for allowance. On the 20th of February, 1876, Mrs. Marsh presented the claim for allowance, with an affidavit setting forth that she was absent from the State of California from before the death of Dooley until a few days before that date, and that she did not know of the death of Dooley or of the proceedings in the Probate Court until a few days before the affidavit was taken. The claim was rejected, and this action was brought to obtain judgment that the note was a valid claim against the estate, and that the mortgaged property be sold. The administration had not been closed. The Court gave judgment for a sale of the mortgaged property, and that, if there was a deficiency, it be paid out of the moneys of the estate in due course of administration. Sec.

1493 of the Code of Civil Procedure provides that if a claim against an estate is not presented in the time required by the statute, it may be presented at any time before a decree for distribution, if it is made to appear that the claimant, by reason of being out of the State, had no notice of the publication of notice to creditors. The defendants appealed.

*Moore & Laine & Leib,* for the Appellants.

The statute (Code of Civil Procedure, sec. 1493) must be construed to intend that if an opportunity was afforded *one* proper person to present the claim during the period of time allowed by law, that the claim should then be presented, or be barred as in any other case. Darling, in whom the legal title and possession of the note was vested during that time, had such opportunity, for he was here. He was a proper person to have presented the claim, because he was a proper party to have enforced it. (*Price* v. *Dunlap,* 5 Cal. 485 ; *Gradwohl* v. *Harris,* 29 Cal. 154; *Wetmore* v. *San Francisco,* 44 Cal. 300.) Indeed, Darling was the real party in interest, and the money was due and payable to him *alone,* whatever might have been the secret equities between him and the plaintiff. He was the *only* proper party to present or enforce the claim. (2 Parsons on Notes and Bills, (Ed. of 1865) 438–9 and 449–50; *Zachary* v. *Gregory,* 32 Tex. 452; *Richards* v. *Better,* 53 Ill. 467.) This view is strengthened when we remember that the original note must be exhibited, if demanded, and the holder must bring suit upon it. (Code of Civil Procedure, secs. 1497–8.) Darling only could have complied with the statute in this respect, for being the owner of the legal title, he was entitled to its possession. The same rule is applied as to possession of land. (*Estrada* v. *Murphy,* 19 Cal. 272; *Clark* v. *Lockwood,* 21 Cal. 222; *Hartley* v. *Brown,* 46 Cal. 203, and cases cited.) "To allow one not a party to a note to recover it, or the value of it, from the payee would be an anomaly in law." (*Fulton* v. *Fulton,* 48 Barb. 589.)

*Black & Stephens,* for the Respondent.

Wherever there is a Code, and especially in this State, actions

must be prosecuted in the name of the real party in interest as distinguished from the formal or nominal party in interest, with but one exception, hereafter noted. ( *Wiggins* v. *McDonald,* 18 Cal. 126 ; *Wedderspoon* v. *Rogers,* 32 Ibid. 569 ; *Poorman* v. *Mills,* 35 Ibid. 118 ; *Wallace* v. *Eaton,* 5 How. Pr. 99 ; *Lyon* v. *Berham,* 20 How. 150.)

The exception above mentioned is found in sec. 369 Code Civil Procedure, which could only be applicable by considering Darling the trustee of an express trust. If he were such trustee then he might sue with or without joining plaintiff, or she could bring the action herself ; but he is not such trustee, because no trust to him as trustee for respondent as *cestui que trust* is expressed upon the face or by the terms of the contract, [*i. e.,* the note] or in any manner with Darling, or in his name, for plaintiff's benefit, as required by said section to constitute such a trustee. (See, further, Story on Eq. sec. 980 ; 34 Cal. 136 ; 32 Cal. 116 ; 15 Cal. 344.)

The purpose of the formal indorsement of the note by Darling to plaintiff was merely to prevent making Darling a party to the action, and of estopping him from making claim thereto.

Respondent had no notice of publication to creditors by reason of her absence from the State.

Darling had no authority, express or implied, to meet the unexpected conditions of the case. He occupied the situation of any money-broker or loaner. He could not exceed the limits of his actual authority. (Civil Code, sec. 2019.)

He had no authority to take the note in his name or to present this claim in fact or in law.

By the COURT:

The note and mortgage were payable to Darling or order, and remained in his possession from the time they were made until some months after the expiration of the time specified in the notice to creditors for the presentation of claims for allowance against the estate. Darling was a resident of the county in which the letters of administration were issued, and it is not pretended that he did not have due notice of the notice to cred-

Statement of Facts.

itors.   It is clear that he could have presented them for allowance in his own name.   Being payable on their face to him, and in his actual custody, he was entitled, as against the maker, to demand and receive payment, and to present the claim for allowance.   Whatever equities there may have been between him and the plaintiff, in respect to the fund secured by the note and mortgage, he was the legal holder of the demand against the estate ; and so long as the note and mortgage remained in his possession unassigned, he was, in our opinion, the only person who could lawfully present the demand for allowance ; and not having done so within the time specified in the notice to creditors, the demand, as a claim against the estate generally, is barred by sec. 1493 of the Code of Civil Procedure.   Whether the plaintiff is or may be entitled to foreclose the mortgage, as against the mortgaged premises, on waiving any recourse against the estate, as provided in sec. 1500 of the Code of Civil Procedure, is a question not before us on this appeal.

Judgment reversed and cause remanded for a new trial.