[Civ. No. 1033.   Third Appellate District.—February 14, 1913]

EDWIN LEITCH, Appellant, v. A. W. MARX, Respondent.

CORPORATIONS—ASSIGNMENT OF CLAIM—AUTHORITY TO MAKE—ACTION
    BY ASSIGNEE—NONSUIT.—Where an employee of a corporation sues
    on a claim assigned by it to him for collection, and the assignment is
    admitted in evidence subject to being, but in fact not afterward
    stricken out, it is error to grant a nonsuit on the ground that no au-
    thority is shown for making the assignment, when from the plaintiff's
    testimony it is reasonably inferable that the assignment was executed
    through the secretary of the corporation by direct authority of the
    president and the assistant manager.

ID.—CONSIDERATION OF EVIDENCE ON MOTION FOR NONSUIT.—Such assignment, though improperly admitted over the defendant's objection, constitutes evidence which it is not only the duty of the court to consider, but to assume as true in passing upon the motion for nonsuit.

ID.—CREDIBILITY OF WITNESSES AND COMPETENCY OF EVIDENCE.—The question of credibility of the witnesses, or weight or competency of the evidence, cannot arise on such motion for nonsuit.

ID.—ASSIGNMENT BY CORPORATION—NECESSITY OF SEAL OR RESOLUTION OF DIRECTORS.—It is not necessary to the validity of an assignment by a corporation of a claim for collection that it should be authenticated by the corporate seal, nor is it absolutely necessary to its legality that its execution should have been authorized by a resolution of the board of directors previously adopted.

ID.—PRESIDENT OR MANAGER OF CORPORATION—AUTHORITY IN ORDINARY TRANSACTIONS.—The president, manager, or other officer having direct superintendence of the affairs of a corporation, may transact for it all matters coming within its ordinary course of business, including the assignment of a claim for collection.

ID.—ASSIGNMENT FOR COLLECTION—ACTION BY ASSIGNEE—CONCERN OF DEFENDANT.—In an action by the assignee of a claim for collection, the defendant is concerned only to know that the assignment is of such a character as to bind the assignor.

ID.—EVIDENCE OF PURPOSE OF ASSIGNMENT AND OF AUTHORITY TO MAKE.—Where a corporation assigns a claim to one of its employees for collection and he thereafter brings suit thereon, the court should allow him to show the circumstances under which and the purpose for which the assignment was made to him, and also to show that the assignment was made by authority of the president, or the manager or directors, or under such circumstances as to disclose that it was acquiesced in and ratified by those in authority over the affairs of the corporation.

APPEAL from a judgment of the Superior Court of Placer County and from an order denying a new trial. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

Tuttle & Tuttle, and Stanislaus Riley, for Appellant.

L. L. Chamberlain, and John J. Bauer, for Respondent.

HART, J.—This is an appeal from the judgment entered upon an order granting the defendant's motion for a nonsuit

21 Cal. App.—14

upon the close of the plaintiff's case and from an order refusing to accord to the plaintiff a new trial.

The complaint alleges that, on or about the thirtieth day of June, 1911, Eccles & Smith Company, a corporation, regularly organized and existing under and by virtue of the laws of the state of California, and whose principal place of business is in the city and county of San Francisco, entered into a written contract of lease with the defendant, whereby the former leased to the latter certain machinery, which was to be used by the defendant at Rocklin, in Placer County. For the use of said machinery the defendant agreed to pay to said corporation, at the city of San Francisco, the sum of four hundred and fifty-five dollars, in installments as follows: July 27, 1911, one hundred and fifty-two dollars; August 27, 1911, one hundred and fifty-two dollars; September 27, 1911, one hundred and fifty dollars. Said lease provided that "time is of the essence of this agreement," and that a failure by the defendant strictly to keep and perform any of the covenants or provisions thereof to which he thereby obligated himself should work a cancellation of said lease, and that thereupon "all rights and interests of the lessee in or to said property shall cease, and all rent by lessee theretofore paid shall belong to the lessor as full payment for the prior use of said property." It was agreed that a "strict" compliance by the lessee with all the covenants and provisions of the lease would entitle him to the right to purchase said property upon the payment to the lessor of the sum of one dollar.

The complaint alleges that, upon the execution of said agreement, the corporation delivered to the defendant the machinery therein referred to; that the defendant defaulted in the first and second payments provided for by said instrument, and that the defendant refused to pay the same on demand of payment; that, on the twenty-sixth day of September, 1911, and prior to the commencement of this action, said corporation assigned to the plaintiff all its right, title, and interest in and to the above mentioned claim against the defendant, for the recovery of which this action was instituted by the plaintiff.

The record discloses this situation: That the plaintiff was an employee of the corporation, the assignor of the claim sued for, and that, upon the failure of the defendant to make the payments as stipulated in the written instrument above men-

tioned, said corporation, through its secretary, by a writing, assigned the claim to the plaintiff. The assignment did not bear the official seal of the corporation, and when the contract of lease, with said assignment thereon, was offered in evidence by the plaintiff, an objection was made to the admissibility of said writings on the ground that "no authority or power was shown to have been conferred upon the secretary, by resolution or otherwise, to assign the lease and contract."

The court, in reply to this objection, said: "I am constrained to hold with the defendant upon this point, but will formally overrule the objection in order to hear the whole case."

The contract and assignment having been under the indicated circumstances admitted in evidence, the plaintiff rested his case, and thereupon counsel for the defendant made a motion for a nonsuit on the ground that "no authority either by by-law or resolution of the board of directors of Eccles & Smith Company was shown in C. F. Bulotti, the secretary, to make the assignment." The motion was granted.

We think the granting of the nonsuit was erroneous. Although the court admitted the assignment in evidence subject to be stricken out later upon the ground of its incompetency to prove the fact of the alleged assignment, there is nothing in the record disclosing that the evidence was stricken out, and, so far as we are advised to the contrary by the record, it is there as evidence in the case and, conceding it to have been improperly admitted, it nevertheless constituted evidence which it was not only the duty of the court to consider but to assume to be true in passing upon the motion for a nonsuit. (*Zilmer* v. *Gerichten,* 111 Cal. 73, 77, [43 Pac. 408]; *In re Daly,* 15 Cal. App. 329, [114 Pac. 787]; *Goldstone* v. *Merchants' Ice Co.,* 123 Cal. 625, [56 Pac. 776]; *Estate of Arnold,* 147 Cal. 583, [82 Pac. 252]; *Estate of Welch,* 6 Cal. App. 45, [91 Pac. 336]; *Mitchell* v. *Brown,* 18 Cal. App. 117, 121, [122 Pac. 426], and cases therein cited.) The question of the credibility of the witnesses or the weight or competency of the evidence cannot, on such a motion, arise. (*Mitchell* v. *Brown,* 18 Cal. App. 117, [122 Pac. 426]; *Bush* v. *Wood,* 8 Cal. App. 650, [97 Pac. 709].) The plaintiff testified that "the fact of this assignment to me was known to the president of the corporation. I had a meeting with the president, assistant

manager, and secretary of the corporation, in San Francisco, shortly before suit was commenced and they authorized me to come to Auburn and file the complaint and I did so. These men were directors of the corporation.'' It was the duty of the court, in considering the motion, to give this testimony the benefit of its full probative force, and thus viewing it, the inference is clearly deducible therefrom that the assignment was duly and regularly executed by the corporation. Thus a *prima facie* showing was made by the plaintiff upon that question, and this is all that was required to justify the submission of the plaintiff's case upon its merits, so far as the ground upon which the motion was granted is concerned.

It was not necessary to the validity of the assignment that it should have been authenticated by the corporate seal of the corporation. Nor was it absolutely necessary to its legality that its execution should have been authorized by a resolution of the board of directors previously adopted. (*Greig* v. *Riordan*, 99 Cal. 316, [33 Pac. 913].) In that case it is said: ''There was a period in the history of corporations when the most ordinary transactions were required to be authorized by solemn resolution of the board of trustees, duly entered in their records, and authenticated by the corporate seal. With the multiplication of corporations having for their object nearly every business pursuit known to modern times the formalities previously regarded as necessary, and which were illy adapted to pursuits requiring prompt action, have been greatly abridged.'' In the same opinion, the following, by Bronson, J., in *Gillett* v. *Campbell*, 1 Denio, (N. Y.) 522, is approvingly quoted: ''Corporations, like individuals, may appoint agents, and make most of the contracts which fall within the scope of their general powers without the use of a seal; the rule was once otherwise, but that day has gone by.'' The foregoing language was used in a case where the president and cashier of a bank, for the purpose of securing a debt owed by the bank, had assigned a debt due to the bank, and it was contended that the assignment was invalid because the right to make it had not been shown by the by-laws of the corporation or a resolution of the board of directors, but the validity of the assignment was sustained.

In Waterman on Corporations, section 30, it is said: ''As a general managing agent and superintendent is the repre-

sentative of the corporation, and may do in the transaction of its ordinary affairs what the corporation could do within the scope of its authority, he may assign the chose in action of the corporation to its creditors in payment of or as security for the payment of a precedent debt of the corporation without express authority of the board of directors.'' (See *Newhall* v. *Joseph Levy Bag Co.*, 19 Cal. App. 9, [124 Pac. 875]; *Preston* v. *Central Cal. Irr. Co.*, 11 Cal. App. 190, [104 Pac. 462].)

But a distinction between the above authorities and the present case lies in the fact, it is claimed, that here the secretary and not the manager or president of the corporation executed the assignment. The reply to this proposition is, as before stated: 1. That, on this motion, it was the duty of the court from the assignment itself to infer that it was duly and regularly made; 2. That, from the testimony of the plaintiff, it is reasonably inferable that the assignment was made by the direct authority of the president and assistant manager of the corporation who, with the secretary himself, were also directors thereof, and who directed the plaintiff to go to Auburn and institute this action against the defendant. Under all the authorities, the president or manager or other officer having direct superintendence of the affairs of a corporation, may transact for and bind it in all matters coming within its ordinary course of business, and the transaction here manifestly comes within that category. The plaintiff was an employee of the corporation, and it is clearly apparent from his testimony that the assignment to him of the claim against the defendant was merely for the purposes of collection. Assignments for such purposes are of frequent occurrence, and the defendant in an action by an assignee of a claim against him is only concerned to know that the assignment is of such a character as to bind the assignor. That the assignor in this case will be bound by the assignment, is a fact, as before stated, clearly inferable from the testimony.

As stated in the outset, the order granting the nonsuit was erroneous and the judgment thereupon entered and from which one of these appeals is prosecuted must be reversed.

The court should have allowed the plaintiff to show the circumstances under which and the purpose for which the as-

signment was made to him, and the disallowance of the testimony proposed by him to that effect was erroneous and prejudicial. The rulings referred to were made upon the attempt by the plaintiff to prove .that the assignment was made by authority of the officers of the corporation having the right to execute such a transaction for it and to show that the money to be collected on the claim was to be paid by the plaintiff to the corporation, and that, therefore, the latter had an equitable interest therein.

The court should have permitted the plaintiff to show that the assignment was made by authority of the president, or the manager or directors, or under such circumstances as to disclose that it was acquiesced in and ratified by those in authority over the affairs of the corporation. For these errors in the rulings on the evidence, the court should have granted the plaintiff's motion for a new trial.

For the foregoing reasons the judgment of nonsuit and the order denying the plaintiff a new trial are reversed.

Chipman, P. J., and Burnett, J., concurred.