[Civ. No. 1486.  Second Appellate District.—September 17, 1914.]

AMY C. PUTERBAUGH, Respondent, v. F. P. McCRAY, Appellant.

ASSIGNMENT—RIGHT TO MONEY ON ACCOUNT OF SALE OF REALTY—ORAL TRANSFER.—The right to money collected on account of the sale of real estate is subject to assignment, and the assignment may be expressed orally as well as in writing.

ID.—EQUITABLE ASSIGNMENT—REQUEST TO PAY MONEY.—The request of a husband to his debtor to pay the money to his wife constitutes an equitable assignment to her of the debt.

ID.—EXPRESS WORDS—WHETHER NECESSARY TO EQUITABLE ASSIGNMENT.—To constitute an equitable assignment no express words are necessary, if from the entire transaction it clearly appears that the intention of the parties is to pass title.

ID.—ACTION BY EQUITABLE ASSIGNEE—NECESSITY OF ALLEGING ASSIGNMENT.—Where one who is entitled to money on account of the sale of real estate makes an equitable assignment thereof to his wife before the person whom he has authorized to collect the money receives it, such person, when he thereafter obtains the money with notice of the assignment, holds it for the use of the assignee, and in her action against him for money had and received she need not allege the facts concerning the assignment.

ID.—PARTY IN INTEREST—EQUITABLE ASSIGNEE.—Where such equitable assignment is shown, the real party in interest, who should prosecute an action to recover the money, is the assignee.

APPEAL from a judgment of the Superior Court of San Diego County. W. R. Guy, Judge.

The facts are stated in the opinion of the court.

Houghton & Houghton, for Appellant.

J. C. Hizar, and Johnson W. Puterbaugh, for Respondent.

JAMES, J.—Action in form by common count for money had and received for the benefit of respondent. The amount involved was the sum of one thousand dollars. Plaintiff had judgment, from which the defendant appealed and presents the judgment-roll and a bill of exceptions.

The testimony introduced on behalf of the plaintiff (and there was none submitted in support of appellant's answer), showed that defendant held an equal interest in certain real property in the county of San Diego with the husband of plaintiff; that desiring to dispose of the same, a purchaser was found by the owners, who agreed to pay therefor the sum of seven thousand dollars; an escrow agreement was prepared and left with a title company at San Diego, together with a deed of the property signed by defendant and plaintiff's husband. The sum of four thousand dollars was paid shortly after the making of the escrow and a few months later the balance of three thousand dollars was received by the defendant who, throughout the transaction with the title company, was authorized to collect the proceeds of the sale on behalf of his co-owner as well as himself. At the time the escrow transaction was closed the husband of plaintiff instructed defendant to pay over the share of the proceeds which were received for the former, to the plaintiff, his wife, and pursuant to this agreement two thousand five hundred dollars of the first four thousand dollars received was paid over to the plaintiff. Defendant had agreed that in view of the fact that plaintiff and her husband were in need of money, he would pay over the amount mentioned, which was in excess of one-half of the sum first received, and that out of the final payment of three thousand dollars he would retain two thousand dollars and pay over one thousand dollars, which would equalize the amounts to be received by both interests. After defendant had been paid the sum of three thousand dollars

he refused to turn over any part of the same to the plaintiff, and wrote a letter to plaintiff's husband stating that he thought the circumstances warranted him in holding the amount as a sinking fund and referred to some promise made for the taking of legal action against third parties, which matter was not shown by any evidence to constitute any excuse for his failure to pay over the one thousand dollars which he had received in his capacity as a trustee. There was some slight testimony as to defendant having paid a claim made against plaintiff's husband by one Whitney, but no authority so to do was shown to have been vested in him. His entire defense as made upon this appeal hangs upon the contention that the complaint did not set forth that any assignment had been made by plaintiff's husband to the plaintiff, of the right to receive moneys collected, and that therefore, as defendant was entitled to have the action prosecuted in the name of the real party at interest, the judgment entered against him was unauthorized.

Presumptively, of course, one-half of the money collected on account of the sale of the real property belonged to plaintiff's husband. His right to that money was the subject of an assignment and there can be no doubt but that the assignment could be expressed orally as well as in writing. The request of one party to his debtor that the latter shall pay money due the former to a third party has often been held to constitute an equitable assignment of the debt. (*Brady* v. *Ranch Mining Co.,* 7 Cal. App. 182, [94 Pac. 85] ; *Curtner* v. *Lyndon,* 128 Cal. 35, [60 Pac. 462].) In order to constitute an equitable assignment no express words are necessary, if from the entire transaction it clearly appears that the intention of the parties is to pass title. (*McIntyre* v. *Hauser,* 131 Cal. 11, [63 Pac. 69].) And where such equitable assignment is shown, the real party in interest, and who should prosecute the action, is the assignee. (*Wiggins* v. *McDonald,* 18 Cal. 126.) The direction by the plaintiff's husband to the defendant, and which we think was sufficient under the circumstances of the case to constitute an equitable assignment of the moneys to be collected, was given prior to the time that the defendant received the money, so that the assignment having become complete, the defendant, when the money was paid to him, received that part of it for which he was liable to account, to and for the use and benefit of the plaintiff here,

as alleged in the complaint.  Under such circumstances there is no good reason why the complaint should have set forth the facts concerning the assignment.  The defendant not only had notice prior to the receipt of the moneys that were to be paid over to the plaintiff, but he actually acted upon that direction and paid the first installment of two thousand five hundred dollars to her.  No error is shown which requires that the judgment as entered be disturbed.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 16, 1914.