[Civ. No. 1257.  Third Appellate District.—February 18, 1915.]

A. MEISTER & SONS CO., Respondent, v. WOOD & TATUM CO., Appellant.

CONTRACTS—PURCHASE OF AUTOMOBILE—AGENCY—AUTHORITY OF SECRE-
TARY OF CORPORATION.—In an action to recover a balance due on the
purchase price of an automobile, ostensible authority in the secre-
tary of a corporation, the purchaser, to make the purchase for the
corporation and the ratification of the transaction by the corporation
is sufficiently shown, where it appears that the secretary was one
of the managers of the corporation and that the corporation took
the car into its service, paid two installments and accrued interest
on account of the purchase price, had repairs made on it and paid
for them and assumed ownership in an endeavor to exchange the
machine with the seller for another type of car.

APPEAL from a judgment of the Superior Court of Sacra-
mento County.  C. N. Post, Judge.

The facts are stated in the opinion of the court.

C. E. McLaughlin, and White, Miller, Needham & Harber,
for Appellant.

Butler & Swisler, for Respondent.

CHIPMAN, P. J.—This is an action to recover the sum of
seven hundred and seventy-five dollars and interest, being
the balance alleged to be due from defendant to plaintiff for
the purchase of an automobile.  The cause was tried by the
court without a jury and plaintiff had findings and judgment
in its favor.  Defendant appeals from the judgment upon
transcript brought up under the alternative method.  Plain-
tiff and defendant are corporations.

The sole question presented in defendant's brief is—Did
F. P. Tatum, who was secretary of defendant corporation,
have authority to purchase the automobile for his company?

The contract for the purchase of the car was originally made
by I. T. Roberts under the name of I. T. Roberts Co., a cor-
poration, on June 26, 1910, upon an installment or rental plan.
Roberts subsequently became a salesman in the employ of
defendant making use of this automobile in connection with
his services.  Failing in his payment of the installment due
November 20, 1910, defendant took possession of the car
shortly thereafter and before November 28.  On November

28, 1910, Tatum met E. A. Meister, secretary of plaintiff corporation, at the office of defendant.  Meister testified that Tatum "wanted to get the terms reduced to fifty dollars a month; he said that is all they could afford to pay out at that time."

"The Court: Q.  Who could pay out?  A.  Wood & Tatum Company.  He asked how much was due on the car, and went into the thing very carefully.  We made the indorsements that appear on the contract. . . .

"Q.  What did you finally do?  A.  Finally reduced it to fifty dollars a month—he made a payment of fifty dollars.

"Q.  When you reduced it to fifty dollars a month what did he say about it?  A.  He told me to make the indorsement on this contract, Exhibit 'A.'  (Exhibit "A" is the contract with I. T. Roberts.)

"Q.  Did he say whether his company would pay for that, whether they would or would not?  A.  Yes, sir.

"Q.  What did he say?  A.  He said we would have no further trouble getting our money, we would get our money promptly as it came due.

"Q.  From whom?  A.  From Wood & Tatum Company.

"Q.  Did you have that contract with you at that time? A. Yes, sir.  I made the following indorsement: 'The monthly installments on the within lease are hereby reduced from seventy-five dollars to fifty dollars per month, from October 20, 1910.  Signed A. Meister & Sons Co. per E. A. Meister.' He made a payment in currency of fifty dollars and $24.83 interest, back interest.  Then we went out to the front office. He had Mr. Roberts assign his interest in this contract to Wood & Tatum Co. . . . and he accepted the assignment.

"Mr. Swisler: Q.  How did he accept it?  A.  By writing the following: 'The Wood & Tatum Company hereby accepts the above assignment.  Wood & Tatum Co.  By F. P. Tatum.' . . . Then he re-read the contract—he said, 'You haven't signed yourself that you agree to deliver a bill of sale.'  He suggested that I put the following indorsement on the contract: 'We herewith agree to all the conditions contained in the above agreement.  A. Meister & Sons Company per E. A. Meister, Secretary.' . . .

"Q.  What was done with reference to the car?  A.  The car was delivered to a representative of Wood & Tatum Company.

"Q. But not until all had been done that you have testified to? A. Yes, sir.

"Q. You still had the car in your possession up to that time? A. Up to that time, yes."

It appeared further: That Mr. Wood was president and F. P. Tatum secretary, and both were directors and held a majority of the shares of the corporation, each owning three hundred shares; that the three other directors were the only other stockholders, two holding merely enough shares to qualify them to act and the third had two hundred shares; that the company was engaged in the real estate business in the city of Sacramento; that the company's salesmen used automobiles and the company owned some horses and buggies but had not owned automobiles prior to this alleged purchase; that automobiles were useful and were used in the business and had been rented and used by the corporation; that salesman Roberts had previously used this car in the course of his employment, as he was serving for a small salary and on a percentage of commission earned in sales made by him, and he continued to use the car, both Wood and Tatum also using it on occasions; that Wood had repairs of the car made and the defendant paid the bills by its checks; that Wood endeavored to effect a trade of this car with plaintiff for a Stoddard-Dayton car. In addition to the cash payment made on November 28th, defendant paid by its check, on account of the transaction, $55.53, on December 22, 1910, $5.53 of which was interest. Mr. Tatum testified that he and Mr. Wood "practically administered the policy of the corporation" and that "the board of directors never overruled the judgment of himself and Mr. Wood" and that both he and Mr. Wood had equal managerial authority.

It appeared that, on October 20, 1910, when Roberts paid an installment on the contract, the money was advanced to him by defendant and Roberts executed an assignment of his interest in the contract to defendant as security. The claim of defendant was that when Tatum made the contract testified to by Meister he was merely getting possession of the car for Roberts and to secure his company for payments made and to be made and was not purchasing it for the Wood & Tatum Company. There was no evidence that plaintiff knew of Roberts's assignment of October 20 to defendant and Tatum's testimony showed that he had no very clear recollec-

tion of having explained to Meister his purpose in taking over the Roberts's contract on November 28.

In rebuttal Meister was asked if Tatum, on the twenty-eighth day of November, 1910, or at any other time, told him that he had taken an assignment or was taking an assignment to secure him, or the Wood & Tatum Company, for advances they had made or advances they would make for I. T. Roberts, and answered, "He did not." It was admitted that the minutes of the corporation showed no resolution authorizing the purchase of this car and Mr. Wood testified that while he knew that Mr. Tatum had made some deal with plaintiff concerning it he did not know until about the time the suit was brought that the indorsements shown were on the contract and he had no recollection of Tatum having explained the matter to him.

In support of its contention that Tatum had no authority to purchase the automobile, appellant advances the following: That the secretary of a corporation has no power to bind the corporation in such a purchase; that Tatum was given no direct authority and hence plaintiff must rely upon ostensible authority or ratification; that neither ostensible authority nor ratification was pleaded or proven.

We do not deem it necessary to enquire to what extent the secretary of a corporation may bind the latter without the express authority of its directors. The question was discussed, to some extent, in *Newhall* v. *Joseph Levy Bag Co.*, 19 Cal. App. 9, [124 Pac. 875], and in *Leitch* v. *Marx*, 21 Cal. App. 208, [131 Pac. 328]. See, also, *Leavens* v. *Pinkham & McKevitt*, 164 Cal. 242, [128 Pac. 399]. We think there was sufficient shown here to establish both ostensible authority and ratification. It was not necessary to plead the one or the other. Plaintiff alleged the sale by it and the purchase by defendant of the automobile and defendant denied the averments. Under the issues defendant could and did endeavor to show want of authority. The cause of action did not rest upon either ostensible authority, estoppel, or ratification. These elements of the transaction developed in reply to the defense made and were open to plaintiff without having pleaded them. (*Donnelly* v. *San Francisco Bridge Co.*, 117 Cal. 417, 421, [49 Pac. 559]; *Young* v. *Blakeman*, 153 Cal. 477, 484, [95 Pac. 888]; *Blood* v. *La Serena L. & W. Co.*, 113 Cal. 221, [41 Pac. 1017, 45 Pac. 252].) Here was a cor-

poration extensively engaged in selling real estate, employing, as Mr. Wood testified, "a dozen or more salesmen"; automobiles were used in the business and it may be safely said that they have become almost indispensable to the successful conduct of that business; the liability of fifty dollars per month, incurred by Tatum in the name of the corporation, was comparatively small as an expense in the conduct of the business and was reasonably within the general scope of the company's powers; he held himself out to be and was in fact one of the managers of the business and plaintiff might reasonably have assumed that he had authority to make the purchase for his company; this assumption by plaintiff was confirmed by the fact that defendant took the car into its service; used it; paid two installments and accrued interest on account of the purchase; had repairs made on the car and paid for them; assumed ownership in an endeavor to exchange it with plaintiff for another type of car. These and other circumstances, in our opinion, show both ostensible authority in Tatum to make the purchase, and ratification of the transaction. Upon every principle of right and fair dealing defendant is estopped to repudiate its agreement. (Civ. Code, secs. 2318, 2319; *Greig* v. *Riordan,* 99 Cal. 316, [33 Pac. 913]; *McKiernan* v. *Lenzen,* 56 Cal. 61, 63,; *Stevens* v. *Selma.Fruit Co.,* 18 Cal. App. 242, [123 Pac. 212]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, [128 Pac. 399].

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1915.