[Civ. No. 2144. First Appellate District.—October 27, 1917.]

F. L. BURRELL, Respondent, v. SOUTHERN CALIFORNIA CANNING COMPANY (a Corporation), Appellant.

SALES—MANUFACTURE OF MACHINERY FOR SPECIFIC PURPOSE—WARRANTY—WAIVER OF OBJECTION.—Where a purchaser of appliances manufactured for use in canning fruit uses them during the canning season and makes no objection to their fitness until sued for the contract price, such objection comes too late.

ID.—ACTION FOR PRICE—COUNTERCLAIM—DAMAGES FOR INABILITY TO USE REMAINDER OF PLANT—EVIDENCE.—In an action to recover the price of machinery and appliances manufactured for use for a specific purpose, damages by way of counterclaim for loss sustained

by the purchaser through inability to use the remainder of defendant's manufacturing plant to its full capacity were too remote, and evidence to show such damage was properly excluded.

ID.—INSTRUCTIONS—MEANING OF TECHNICAL TERMS.—The court had the right to instruct the jury as to the meaning of the words "perfectly constructed mechanically," those words having a technical meaning, and the court having left it to the jury to determine whether certain appliances in question were so constructed.

CORPORATIONS—ASSIGNMENT OF CAUSE OF ACTION.—An assignment, for collection, of a cause of action was properly executed by the president under the corporate seal, without action by the board of directors when that was the business custom of the corporation.

TRIAL—INSTRUCTIONS IN ACCORDANCE WITH THEORY OF CASE—RESCISSION.—An instruction as to what will authorize a rescission is not prejudicial when a case is tried upon the theory of a rescission, although the issue of rescission is not raised by the pleadings.

APPEAL from a judgment of the Superior Court of Santa Clara County.  P. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

Byron Waters, and Henry Goodcell, for Appellant.

F. J. Hambly, for Respondent.

KERRIGAN, J.—Plaintiff, as assignee of a certain corporation known as the Anderson-Barngrover Manufacturing Company, brought this action against defendant to recover the price of certain machinery and mechanical appliances used in the canning of fruits, which were alleged to have been sold by the Anderson Company to defendant.

Three counts or causes of action are set forth in the complaint.  The defendant admits the ordering and receipt of the goods, but by answer and counterclaim raises certain issues as to the performance of the contract, and claims damages for alleged breach of warranty in connection therewith in a sum greatly in excess of the amount sued for.

The trial was had by jury, which rendered both a general and a special verdict.  The special verdict found in favor of plaintiff for the sum of $5,824.42 based upon the first count, the further sum of $4,427 under the second, and the sum of $708.39 upon the third count.  It also found in favor of the defendant in the sum of two thousand five hundred dollars

as damages for breach of warranty as to articles embraced in the second count, and this sum was deducted from the amount awarded plaintiff under the special verdict, and a general verdict was rendered in favor of plaintiff for the sum of $8,459.81.

Defendant moved the court to vacate the verdict and grant a new trial, and urged as reasons therefor the insufficiency of the evidence to justify it, that it was against law, and upon the further ground of errors in law occurring at the trial, consisting of certain rulings as to the admission of evidence and in the giving of certain instructions to the jury. The motion was denied, and this appeal is from the judgment and such order.

The main argument of appellant is based upon the claim that the evidence is insufficient to support that part of the verdict based upon the second count of plaintiff's complaint. Under this count plaintiff sought to recover the price of certain articles called "cookers" which were used in the canning of fruits. By its answer defendant admitted the contract for the purchase and sale of these articles, but alleged that they were manufactured for a specific purpose and under a specific warranty, and that they were not fit for the purpose as warranted, and further, that they were never accepted, and it is upon such question of acceptance that the evidence is claimed to be insufficient.

The trial was a protracted one, lasting many days, and numerous witnesses were called on behalf of both plaintiff and defendant, and much evidence was adduced upon this subject, and, as is usual in such cases, there was a substantial conflict upon this question. There is, however, abundant evidence to show that the cooking machines furnished were in accordance with the contract, and were accepted, and we fail to see how the jury could have arrived at a different conclusion.

The articles were delivered by the plaintiff's assignor in the early part of the canning season, were used by the defendant, and no attempt was made to reject them until long after the canning season was over and when payment was demanded for them, at which time defendant not only refused to pay for the cookers, but also refused payment for the other machinery here sued for. While the evidence shows that there was a period of trouble, due in part to de-

fendant's misuse of the machines, they were operated throughout the entire canning season by defendant in its business, and no notice or statement of nonacceptance was ever made during such period and not until the appliances had fulfilled their purpose for that year. The attempted rejection at that time was ineffectual. (*Jackson* v. *Porter Land Co.,* 151 Cal. 32, [90 Pac. 122].) Besides this, the preponderance of evidence shows that there was no tentative or experimental use of the articles, but rather a complete acceptance of them.

The alleged errors of the trial court as to the admission of evidence and the giving of instructions are numerous. The first point urged in this behalf is the action of the court in overruling defendant's objection to the admission in evidence of the instrument of assignment.

This evidence was properly received. The assignment was signed by the president of the Anderson Company for and in its name and bore the corporate seal; and while the president testified that there had been no meeting of the board of directors authorizing him to execute the instrument or to affix the seal, full proof was made that it was the business custom of plaintiff's assignor to execute assignments as here, and further, that such claim had been assigned to plaintiff for collection and not otherwise. No contrary showing was made by defendant to overcome this evidence, and the admission of the assignment was proper. (*Leitch* v. *Marx,* 21 Cal. App. 208, [131 Pac. 328].)

In this connection the further claim that the court erred when instructing the jury by referring to the Anderson Company as "plaintiff's assignor" in such a way as to assume that the assignment had been made is equally without merit. The assignment having been properly admitted in evidence, and the defendant not having introduced any evidence subsequently on the point, no conflict existed, and the matter became a question of law with which the jury was not concerned.

Counsel for appellant also assigns as error the ruling of the court, made on its own motion, that the question as to the expense of sending fruit to cold storage for the purpose of preserving it while the machines were out of order was immaterial. This expense was never incurred, and was not

claimed by defendant in its answer or counterclaim as an element of damage, and was properly excluded.

So, also, the claim of error on the part of the court in sustaining plaintiff's objection as to the damage sustained by defendant by reason of the nonuser of any portion of the capacity of its plant as a whole during the season is without merit. The testimony was offered to sustain a claim for damages as set forth in the answer and cross-complaint, based upon delays and lack of capacity due to the defects in the machinery, especially the cookers, by reason of which it is alleged that the entire plant of defendant was in a measure rendered useless during the whole season, and to that extent the defendant was deprived of the use and benefit of its investment. This amount of damage was arrived at by alleging that the investment exceeded one hundred thousand dollars, and that the rental value was ten thousand dollars, and that by reason of these facts the defendant was deprived of the use and benefit of its investment to the extent of two-thirds thereof, and to its disadvantage in the sum of $6,666.66.

The ruling of the court was proper. Aside from the fact that the question called for the conclusion of the witness, such damages were remote and speculative, and were such as were not anticipated or contemplated by the parties when making the contract as the probable result of its breach. (*Hunt Bros.* v. *San Lorenzo etc. Co.,* 150 Cal. 51, 55, [7 L. R. A. (N. S.) 903, 87 Pac. 1093].)

Nor is there any merit in the objection to the action of the court in instructing the jury as to the meaning of the term "perfectly constructed mechanically." In this behalf it is claimed that the question as to what was meant by these words was not a question of law but rather a question of fact for the jury; and it is argued that the meaning of this term could be explained by evidence but not by any *dictum* or direction of the court. It is not only the proper function but the duty of a court to instruct a jury as to the use of words having a legal technical meaning. Here all the court did was to define the term; and it left it to the jury to decide whether the machines were so constructed. In so doing it committed no error.

Equally untenable is the contention that the court committed error in instructing the jury in what cases a party

to a contract may rescind. It is admitted that the court followed the code provision, and that the instruction as given is a correct statement of the law; but it is claimed that the giving of the instruction was calculated to mislead the jury to the prejudice of appellant, for the reason that there was no issue of rescission in the case.

While a rescission was not perfectly pleaded, the case was tried upon this theory. Defendant is therefore estopped to object that no such issue was raised.

In this connection counsel also complains of an instruction wherein the court told the jury that to effect a rescission the return or tender of the property "should be accompanied by an offer of compensation for the intermediate use of the property." Defendant used the machinery throughout the entire canning season, during which time no rescission was made; and defendant's attempted rejection three months thereafter, when it notified plaintiff's assignor to remove the machinery, justified the court in instructing the jury as it did. Furthermore, the court in other instructions to the jury fully and correctly covered this subject.

Other instructions are excepted to and criticised as being contradictory. It is admitted that these instructions taken by themselves state a true rule; but it is claimed that the giving of them caused prejudice to the defendant. We have examined the instructions in the light of this objection, and are of the opinion that as a whole they state the law fully and fairly, and that the giving of them in no manner caused prejudice.

Finally, complaint is made that the amount of damages allowed to defendant for breach of warranty is less than the evidence shows them to be; but the evidence upon this subject was conflicting, for which reason we are unable to disturb the finding made thereon.

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.