[Civ. No. 11627. Second Appellate District, Division Two.—January 13, 1938.]

A. G. BROWN, Appellant, v. VINCENT PATELLA et al., Respondents.

Edmund Nelson, Howard Waterman and G. L. Berry for Appellant.

Kellogg & Matlin and John F. Dolan for Respondents.

CRAIL, P. J.—This is an appeal from a judgment for defendants in an action brought for a deficiency on a promissory note after sale of certain real property under a trust deed. The allegation of the complaint was that the note was assigned and transferred to the plaintiff who was the owner thereof.

Plaintiff's evidence as to the assignment was testimony of plaintiff's attorney as follows: "I am an attorney at law, employed by Bank of America National Trust and Savings Association, in its Legal Department, with the title of 'Assistant Attorney'. . . . On December 26, 1934, Mr. J. S. Henton, a Vice-President of the bank handed me the note which is marked 'Exhibit A' and told me to endorse on it an assignment to A. G. Brown and to have it executed by a Vice-President and Assistant Secretary of the corporation, with the seal of the corporation, and to bring an action for a deficiency in the name of A. G. Brown. I brought the action for deficiency in the name of A. G. Brown, but neglected to follow instructions with respect to the endorsement by the officers to A. G. Brown and did not discover the omission until the matter came up for trial on February 10, 1937. *At the time the note was handed to me it was handed to me with the statement that it was assigned to A. G. Brown.* After the note was handed to me by Mr. Henton I gave it to my stenographer with a memorandum of facts concerning the deficiency and asked her to prepare a complaint. There was no consideration. The note was handed to Mr. Brown solely for the purpose of this suit."

The plaintiff had the note in court at the trial and it was admitted in evidence. The plaintiff also offered in evidence a written ratification of the oral assignment made by the bank under the corporate seal, but this offer of evidence

was erroneously rejected by the trial court. The finding of the court was "that it is not true that the note referred to in the plaintiff's complaint was transferred and assigned to the plaintiff prior to the commencement of this action". All of the evidence is to the effect that the note was transferred and assigned to the plaintiff prior to the commencement of the action and there is no evidence to the contrary. The finding of the court can be upheld only on the theory that an oral transfer or assignment of a promissory note is invalid. Such is not the law. An oral assignment of a promissory note is valid. (*Copp* v. *Mulcahy*, 84 Cal. App. 387, 400 [258 Pac. 141]; *Oswald* v. *Schwartz*, 181 Cal. 620, 624 [185 Pac. 959]; *Puterbaugh* v. *McCray*, 25 Cal. App. 469 [144 Pac. 149].) In *Swing* v. *Lingo*, 129 Cal. App. 518, at 523 [19 Pac. (2d) 56], the court said: "No difficulty is encountered in indulging in the assumption that the court drew the suggested inference because the assignment from respondent to Lingo was verbal. Section 1052 of the Civil Code specifically provides that a transfer may be made without writing in every case in which a writing is not expressly required by statute. It is therefore the general rule that in the absence of a statute requiring that an assignment be in writing it is immaterial whether it is made orally or by writing. [Citing cases.]"

The defendant places much importance upon the fact that there was no consideration passing from the plaintiff to the bank. It was not necessary that plaintiff prove any consideration passing from him to the bank for the assignment, especially where the evidence shows that the assignment was made for collection. (*Anderson* v. *Wickliffe*, 178 Cal. 120, 122 [172 Pac. 381]; *Johnston* v. *Wolf*, 118 Cal. App. 388, 391 [5 Pac. (2d) 673].)

Neither was it necessary that the authority of the officer of the bank to make the oral assignment be proved. (*Dyer* v. *Sebrell*, 135 Cal. 597 [67 Pac. 1036].) Nor was it necessary to its legality that its execution should have been authorized by resolution of the board of directors previously adopted. (*Leitch* v. *Marx*, 21 Cal. App. 208, 212 [131 Pac. 328].)

There is no contention that the plaintiff is acting in bad faith. In *Smith* v. *Woods*, 164 Cal. 291, at 293 [128 Pac. 748], the court said: "In the absence of bad faith an action upon a note cannot be defended upon the ground that the

title is not in the plaintiff, if plaintiff has possession and defendant would be protected by the payment of any judgment on the note. [Citing cases.]''

Judgment reversed.

Wood, J., and McComb, J., concurred.

· A petition for a rehearing of this cause was denied by the District Court of Appeal on February 2, 1938, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 14, 1938.