Filed 5/19/16  Finance Holding Co. v. Molina CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| FINANCE HOLDING COMPANY, LLC, | D067952 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2014-00084275-CU-CL-CTL) |
| DOMINIQUE MOLINA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Affirmed.

The Fullman Firm, Adam C. Fullman, Christopher J. Peters and Ryan J. Hanley for Defendant and Appellant.

Law Offices of David Sean Dufek and David Sean Dufek; Carl Fabian, for Plaintiff and Respondent.

Finance Holding Company, LLC (Finance) sued Dominque Molina seeking repayment of money drawn from a business line of credit.  Molina did not dispute she owed the funds, but argued Finance was not a proper party to enforce the debt because it

did not have a proper assignment from the original lender. After a bench trial, the court rejected this argument, finding the evidence supported that Finance was an assignee of Molina's loan and thus was a proper party to enforce the debt. The court entered judgment in Finance's favor for $49,958.74 plus prejudgment interest.

Molina appeals. We affirm.

FACTUAL AND PROCEDURAL SUMMARY

In 2006, Molina's business entity entered into a contract with Bank of America, N.A. (Bank) for a $50,000 credit line (Credit Agreement). Molina signed a personal guaranty to repay all borrowed sums. The Credit Agreement was "binding on . . . the Bank's successors and assignees."

In January 2014, Finance brought an action against Molina, alleging that Molina's business had withdrawn $49,958.74 from the credit line, and had not repaid any of the principal.[1] Finance alleged it "purchased all right, title and interest in the . . . [Bank] Loan" and attached a "true and correct copy" of a document allegedly reflecting this assignment. The notarized document, entitled Limited Power of Attorney, was signed by a Bank director. The document referenced the Bank's sale of a loan to Finance, and provided Finance with powers of attorney regarding the loan.

A bench trial was held in January 2015. The court minutes reflect that before trial, the trial court told the parties that appellate review would be "difficult" without a reporter, but the parties made the decision to move forward without a reporter. The court

---

[1] Molina's business entity was also named as a defendant, but was later dismissed from the action.

2

minutes also show that before trial, Molina moved to exclude Finance's two witnesses—Bernadette Ramirez, a Bank vice-president, and Ronald Mayer, Finance's managing member—on the ground that Molina did not have sufficient notice of these witnesses. The court denied the motion, finding Molina had appropriate notice.

At trial, Finance called its two witnesses (Ramirez and Mayer) and Molina to testify. Finance also presented documents reflecting Molina's outstanding loan balance. Molina did not present any additional evidence, but she objected to Finance's documents pertaining to the assignment of the Credit Agreement. These documents were: the Limited Power of Attorney (discussed above) and an "Affidavit of Sale" (not in the record). The court sustained Molina's objections to these documents based on a lack of foundation/authentication and/or hearsay grounds.

At the conclusion of the evidence and arguments, the court found in Finance's favor and explained its reasoning in a written order. In the order, the court stated it was undisputed that Molina had withdrawn $49,958.74 from the credit line and had not repaid any of this principal, and Molina's sole defense was that Finance was not a proper party to enforce the debt because it did not have a valid assignment. The court then rejected this defense based on the testimony of Finance's two witnesses (Ramirez and Mayer). The court stated: "[This] testimony was that [the Bank] sold this loan to [Finance]. Bernadette Ramirez, a 37 year [Bank] employee . . . (and a [Bank] Vice President) said so, and so did Ronald Mayer, the managing member of [Finance]. They said so, in part, in response to questions put to them during the defense cross examination. Thus, the evidence preponderated in favor of a finding that the loan was the subject of a valid

3

assignment from [the Bank] to plaintiff." The court also found that to the extent Molina was concerned that the Bank would "later claim[ ] that it, and not [Finance], had the right to collect the debt," this claim would be barred by the judicial estoppel doctrine which prevents "litigants from playing 'fast and loose with the court.' "

Following the court's "careful consideration of the evidence and the able arguments of counsel," the court entered judgment in Finance's favor for $49,948.74 plus prejudgment interest. Molina later requested the court to prepare a settled statement. The court declined, noting its workload and that it had already issued a detailed written ruling explaining "the rationale" for the court's determinations.

DISCUSSION

On appeal, Molina challenges the sufficiency of the evidence to support the court's finding that the Bank assigned the Credit Agreement to Finance. In asserting this argument, Molina contends the court erred by permitting, and/or relying on, the testimony of Ramirez and Mayer because they did not have personal knowledge of the relevant facts pertaining to the assignment. Molina also maintains that if a court sustains evidentiary objections to documents reflecting an assignment, witness testimony on the same subject is inadmissible as a matter of law. For the reasons explained below, we reject these contentions.

I. *Review Standards*

It is a fundamental tenet of appellate law that the lower court's judgment is presumed to be correct. As the party seeking reversal, the appellant has the burden to provide an adequate record to overcome the presumption of correctness and show

4

prejudicial error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.)

We must make all reasonable inferences favoring the court's order, and must affirm the judgment if any possible grounds exist for the trial court to have reached its factual conclusions. (See *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447-448.) Any ambiguity in the record is resolved in favor of the judgment. (*Ibid.*) Under these rules, if the appellant does not provide a reporter's transcript, we cannot evaluate issues requiring a factual analysis and must presume "the trial court acted duly and regularly and received substantial evidence to support its findings." (*Stevens v. Stevens* (1954) 129 Cal.App.2d 19, 20; see *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657.)

## II. *Analysis*

It is undisputed the Bank could assign the right to enforce the Credit Agreement to a third party, and this assignment could be oral or written. (See *Brown v. Patella* (1938) 24 Cal.App.2d 362, 364; see also *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court* (2009) 46 Cal.4th 993, 1002.) An assignment of a note generally requires evidence of an intent to transfer. (*Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 988-989.) But "[a]n assignment requires very little by way of formalities and is essentially free from substantive restrictions. '[I]n the absence of [a] statute or a contract provision to the contrary, there are no prescribed formalities that must be observed to make an effective assignment. It is sufficient if the assignor has, in

5

some fashion, manifested an intention to make a present transfer of his rights to the assignee.' [Citations.]  Generally, interests may be assigned orally [citations] . . . ." (*Amalgamated Transit Union, supra*, 46 Cal.4th at p. 1002.)

In this case, the record shows two witnesses (Ramirez and Mayer) testified that the Bank sold the Credit Agreement to Finance.  This testimony constituted substantial evidence of the assignment.  (See *Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.)  A single witness's testimony may constitute substantial evidence to support a finding.  (*Ibid.*)  The record supports that both witnesses were qualified to testify on this subject matter as they were managing officers of the parties to the transaction.

Molina argues the two witnesses did not have personal knowledge of the assignment.  Generally, "the testimony of a witness concerning a particular matter is inadmissible unless he [or she] has personal knowledge of the matter."  (Evid. Code, § 702, subd. (a).)[2]  When the opposing party asserts an objection, the witness's personal knowledge must be established.  (*Ibid.*)  "A witness' personal knowledge of a matter may be shown by any otherwise admissible evidence, including his own testimony."  (§ 702, subd. (b).)

Molina's challenge to the witnesses' personal knowledge is without merit on the record before us.  Without a reporter's transcript, we must presume the evidence supported the court's findings, including that the evidence showed sufficient personal

---

2       All statutory references are to the Evidence Code.

knowledge on the part of the witnesses. An appellant who supplies no reporter's transcript is precluded from prevailing on an assertion that the evidence was insufficient to support the court's findings. (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992; *Stevens v. Stevens, supra*, 129 Cal.App.2d at p. 20.)

In reviewing a substantial evidence challenge, we are required to "resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.) An appellate court " ' "must *presume* that the record contains evidence to support every finding of fact . . . ." ' [Citations.] It is the appellant's burden . . . to identify and establish deficiencies in the evidence. . . . This burden is a 'daunting' one." (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409.)

Molina did not show reversible error under these standards. The trial court recognized the main factual issue was whether the Bank assigned the Credit Agreement to Finance and whether the assignment was valid. The court's evaluation of these issues included Finance's allegations in its complaint, and a review of the witnesses' testimony to determine whether the facts supported the existence of an assignment. Based on this evaluation, the court determined Finance satisfied its burden to show by a preponderance of the evidence that it owned the rights to enforce the Credit Agreement. In making this determination, the court necessarily found Finance's witnesses were credible and had

7

sufficient personal knowledge to testify on the matter. We are bound by these factual findings.

To the extent Molina argues the court erred in not *excluding* the witnesses' testimony based on a lack of personal knowledge, Molina did not preserve this argument because there is no indication that Molina objected to the testimony on this basis at trial. (§ 353, subd. (a).) The record shows only that Molina objected to the witness testimony on the ground of insufficient notice, and she does not challenge the court's overruling this objection. Further, the record does not show the witnesses lacked personal knowledge and therefore Molina's evidentiary contention is without merit.

Molina alternatively argues we must presume a lack of personal knowledge because the court sustained her objections to the assignment documents proffered by Finance (the Limited Power of Attorney and the Affidavit of Sale). Molina maintains that because Finance's two witnesses lacked personal knowledge of Finance's submitted assignment documents, we must find these witnesses lacked personal knowledge of the assignment.

The argument is unavailing. Although the court sustained Molina's objections to these documents on authentication and/or hearsay grounds, the record does not disclose the specific foundational information that was lacking. Without this information, we cannot reasonably conclude these witnesses could not testify to the fact that the Credit Agreement was assigned to Finance. Additionally, even assuming the two witnesses were not qualified to testify to the validity, preparation, and/or custody of these documents, this does not necessarily mean they did not have sufficient knowledge of the

8

fact of the assignment.  The witnesses could have reasonably stated they had personal knowledge of the assignment based on other means, such as their knowledge of other relevant business records.

In this regard, Molina's reliance on section 1523 is misplaced.[3]  Section 1523 provides that oral testimony is generally "not admissible *to prove the content of a writing*."  (§ 1523, subd. (a), italics added.)  This code section is inapplicable because the issue here is not the contents of written documents, but whether Finance proved the *fact* of a valid assignment.  Additionally, section 1523 sets forth several exceptions to the general rule, and without a record of the trial, we have no information whether any of the section 1523 statutory exceptions applied in this case.  To prevail on appeal, Molina had the burden to show the exceptions were inapplicable, and Molina made no effort to do so.

For similar reasons, *Wiz Technology, Inc. v. Coopers & Lybrand, LLP* (2003) 106 Cal.App.4th 1 is inapposite.  In *Wiz*, a client sued its auditor claiming the auditor wrongfully refused to complete an audit.  (*Id.* at p. 4.)  In upholding a summary judgment

---

3      Section 1523 provides:  "(a) Except as otherwise provided by statute, oral testimony is not admissible to prove the content of a writing.  [¶] (b) Oral testimony of the content of a writing is not made inadmissible by subdivision (a) if the proponent does not have possession or control of a copy of the writing and the original is lost or has been destroyed without fraudulent intent on the part of the proponent of the evidence.  [¶] (c) Oral testimony of the content of a writing is not made inadmissible by subdivision (a) if the proponent does not have possession or control of the original or a copy of the writing and either of the following conditions is satisfied:  [¶] (1) Neither the writing nor a copy of the writing was reasonably procurable by the proponent by use of the court's process or by other available means.  [¶] (2) The writing is not closely related to the controlling issues and it would be inexpedient to require its production.  [¶]  (d) Oral testimony of the content of a writing is not made inadmissible by subdivision (a) if the writing consists of numerous accounts or other writings that cannot be examined in court without great loss of time, and the evidence sought from them is only the general result of the whole."

in the auditor's favor, the *Wiz* court rejected the plaintiff's reliance on an investment newsletter to show the plaintiff suffered damages from the auditor's conduct. (*Id.* at p. 16.) The court noted the plaintiff failed to submit a copy of the document "rendering reliance on the item inappropriate," citing section 1523 and several other code sections. (*Wiz* at p. 16.) The court also discussed the plaintiff's failure to present expert testimony establishing damages resulted from statements made in the third-party investment newsletter. (*Ibid.*)

This case is distinguishable. First, unlike the statements about the third-party investment newsletter, the witnesses' testimony concerned the parties' own transaction regarding the loan document. Moreover, unlike in *Wiz*, the challenged testimony was not submitted to prove the contents of a document. Rather, Finance proffered Ramirez and Mayer as witnesses to establish Finance was the valid owner of the loan, and this fact was not necessarily dependent on any specific assignment document. Further, the *Wiz* court's determination was based primarily on the absence of any evidence showing the link between the written document and the plaintiff's alleged damages. Here, the challenged testimony was directly on point. The court specifically found the two witnesses testified about the existence of an assignment of Molina's loan from the Bank to Finance, and that this assignment constituted a valid transfer of the loan. Unlike in *Wiz*, there was no requirement that the moving party produce documentary evidence to support this testimony.

DISPOSITION

Judgment affirmed.  Appellant to bear respondent's costs on appeal.


                                                    HALLER, Acting P. J.

WE CONCUR:


AARON, J.


IRION, J.


11